MILLS, Judge.
The State filed an information charging Wood with willfully failing to appear for trial on felony charges contrary to Section 843.15(l)(b), Florida Statutes (1975). Wood pled guilty and was sentenced to five years in prison less 128 days time served. Wood now appeals and contends that he was confused as to whether he pled to a felony or a misdemeanor; that he was not permitted to consult with his attorney concerning his request to withdraw his guilty plea; that he was not granted additional time to present mitigating evidence prior to sentencing; • and that the allegations of the information were insufficient to support his adjudication of guilt. 0
Initially, Wood pled not guilty but later changed his plea to guilty. When this was done the trial court clearly informed *135 Wood and his attorney that Wood was charged with a felony known as failure to appear at a court proceeding which was a felony of the third degree and punishable by a maximum sentence of five years. Wood stated that he had given his attorney sufficient information to enter the plea and that he agreed to the plea. Wood and his attorney understood he was pleading guilty to a felony.
It is clear from the record that Wood and his attorney understood that Wood was pleading guilty to a felony and that the attorney was close to trifling with the court when she asked for a moment to speak to her client about withdrawing his guilty plea when she had already had two months to do this.
Wood and his attorney had approximately two months to prepare his presentation of mitigating circumstances prior to sentencing but apparently did nothing. At the sentencing proceeding, the court properly denied Wood’s request for additional time.
The information alleged a violation contrary to Section 843.15(l)(b) when it should have alleged Section 843.15(l)(a). This is of no consequence however. The information charged Wood with a felony. The court informed him he was charged with a felony punishable as a third degree felony. Wood agreed to enter a plea of guilty to the felony charge. Fla.R.Crim.P. 3.140(d)(1) provides that an error in a citation shall not be a ground for reversal of a conviction based thereon if the error did not mislead the defendant to his prejudice. There has been no showing that Wood was misled or prejudiced. Tukes v. State, 346 So.2d 1056 (Fla. 1st DCA 1977).
The judgment and sentence are affirmed.
McCORD, C. J., and BOYER, J., concur.