397 So.2d 406 (1981)
Mary Ann CHRISTOPHER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-611.
District Court of Appeal of Florida, Fifth District.
April 22, 1981.
Leon B. Cheek, III, Altamonte Springs, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, and James Dickson Crock, Asst. Attys. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a judgment and sentence for grand theft.
Appellant was charged on October 22, 1979 with an information labeled "Grand Theft," but which charged the theft of merchandise of a value less than one hundred dollars. On November 27, 1979, the state filed a notice of intent to prosecute as a subsequent offender pursuant to section 812.014(2)(c), Florida Statutes (1979). On December 10, 1979, appellant tendered a plea to the offense of "attempted" grand theft. After advising appellant of the nature of the plea, the court accepted her plea, not as tendered to the offense of "attempted" grand theft, but to the offense of grand theft. On June 2, 1980, the court denied appellant's motion for correction of an illegal sentence.
The question raised by this appeal is whether the trial court had jurisdiction of the offense charged in the information. We find that the trial court did not have jurisdiction and REVERSE.
A misdemeanor not arising out of the same circumstances as a felony which is also charged is cognizable only in county court. Art. V, §§ 5(b) and 6(b), Fla. Const.; §§ 26.012(2) and 34.01, Florida Statutes (1979). If the information charges only the misdemeanor, the circuit court does not have jurisdiction and thus any judgment or sentence rendered by it is void. Radford v. State, 360 So.2d 1303 (Fla. 2d DCA 1978); *407 Waters v. State, 354 So.2d 1277 (Fla. 2d DCA 1978); Dicaprio v. State, 352 So.2d 78, 79 (Fla. 4th DCA 1977), cert. denied, 353 So.2d 679 (Fla. 1977); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. dismissed, 283 So.2d 99 (Fla. 1973). The burden of properly invoking the court's jurisdiction is on the state. See, e.g., Pope at 176.
The state contends that the use of the word "less" instead of "more" is a mere typographical error. The state notes that no challenge to the jurisdiction of the circuit court appears on the record. See Fuller v. State, 159 Fla. 200, 31 So.2d 259 (1947); La Barbara v. State, 150 Fla. 675, 8 So.2d 662 (1942). The question whether the court has subject matter jurisdiction involves a claim of fundamental error and can be raised at anytime, even for the first time on appeal. Waters; Dicaprio. Nor did appellant waive the defect by pleading guilty; the tender of a guilty plea does not foreclose the right to appeal the lack of subject matter jurisdiction. Robinson v. State, 373 So.2d 898 (Fla. 1979).
The state also argues that even if the information charges only a misdemeanor, events occurring after the filing of the information constituted a "tacit amendment" sufficient to give the court jurisdiction. However, the number of discrepancies and confusion in the plea proceedings negate the state's contention that appellant consented, tacitly or otherwise, to any amendment of the pleadings. For example, the trial judge informed appellant that the charge against her was that of grand theft but then defined the charge as the theft of merchandise valued at less than $100. Defense counsel apparently advised appellant and then tendered on her behalf a plea of guilty to "attempted" grand theft, which is a non-existent crime, Miles v. State, 374 So.2d 1167 (Fla. 2d DCA 1979), but the court accepted the plea of guilty to grand theft.
If the proper procedure is followed, a felony petit theft charge is sufficient to vest jurisdiction in the circuit court. In State v. Harris, 356 So.2d 315 (Fla. 1978), the supreme court upheld the constitutionality of section 812.021(3), Florida Statutes (1977) which provided that upon the third or subsequent conviction of petit larceny, the offender shall be guilty of a felony. Section 812.021(3) is identical to the present section 812.014(2)(c) with the exception that the word "theft" has replaced "larceny." Had the state moved to amend the information as it should have done, the substantive offense of felony petit theft would have vested jurisdiction in the circuit court. Not only did the state fail to amend the information, but the proceedings were lacking the safeguards that Harris mandates.
The judgment and sentence is REVERSED.
DAUKSCH, C.J., and ORFINGER, J., concur.