416 So.2d 471 (1982)
Martin Wayne LINDSEY and Allen Scott Brasher, Appellants,
v.
STATE of Florida, Appellee.
Nos. 80-95, 80-96.
District Court of Appeal of Florida, Fourth District.
June 2, 1982.
Rehearing Denied July 21, 1982.
*472 Richard L. Jorandby, Public Defender, Cherry Grant and Jon May, Asst. Public Defenders, West Palm Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Defendants were convicted of (1) burglary of a dwelling with intent to commit robbery and in the course thereof committing an assault, (2) robbery with a dangerous weapon, and (3) false imprisonment under Section 787.02, Florida Statutes (1977). They received consecutive sentences of 99 years, 30 years, and 5 years on the respective charges. The burglary constituted a first degree felony pursuant to Section 810.02(2)(a).
The basic issues in the case relate to how many ways a single criminal episode may be carved up in order to sustain separate crimes and sentences and the sufficiency of the charging document. We find error and reverse in part for resentencing.
The facts are generally that the defendants, while armed, entered a residence at night knowing it to be occupied. They forced a bedroom door open and bound and gagged the woman occupant. A leg wound was inflicted and threats were made regarding the removal of a ring from the victim's body. Money and jewelry were taken from the home. Fortunately, the police arrived while the crime was in progress and the defendants were caught while attempting to flee. At trial, the theory of defense was that the defendants had been entrapped into committing the offense by the actions of a police informant who was also involved in the burglary. We find no error in the jury's rejection of the entrapment defense nor the court's rulings thereon.
Defendants contend the information charging a first degree burglary under Section 810.02, Florida Statutes (1977), was deficient in that the elements of the alleged assault were not stated in the charging document.[1] In this case, the presence of the assault raised the burglary from a second degree felony to a first degree felony. Defendants filed a motion to dismiss the information based on vagueness, and a motion for statement of particulars, both of which were denied. The question, simply put, is whether the State can charge burglary with an assault without stating the factual elements of the assault. Generally, all of the essential elements of the crime must be stated in the charging document. State v. Dye, 346 So.2d 538 (Fla. 1977); Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980); Radford v. State, 360 So.2d 1303 (Fla. 2d DCA 1978), and Ferrell v. State, 358 So.2d 843 (Fla. 3d DCA 1978). Rule of Criminal Procedure 3.140 governs indictments and informations and sub-section (b) specifically provides as follows:
(b) Nature of Indictment or Information. The indictment or information *473 upon which the defendant is to be tried shall be a plain, concise and definite statement of the essential facts constituting the offense charged. (Emphasis added.)
Although the general law and the cited rule of procedure would indicate that the essential facts constituting the elements of a crime must be stated in an information, the courts have not uniformly so held. In Ferrell v. State, supra, the Third District held an information charging aggravated battery and not including the specific elements of the battery was insufficient. In McClamrock v. State, 374 So.2d 1076 (Fla. 2d DCA 1979), the Second District concluded that the absence of the elements of an assault did not render an information improper as the defendant could resort to both the statute and discovery. Also see the special concurring opinion in State v. S.H., 388 So.2d 293 (Fla. 4th DCA 1980), where this court was concerned with a similar problem on an assault charge in a juvenile petition. We choose to follow the general law on the subject and the dictates of Rule 3.140(b), and conclude that an information charging an assault as an aggravating factor in a burglary charge must contain the elements of the assault, that is, the information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. This standard may not be relaxed as to the factual elements of an assault merely because it is charged as an aggravating factor rather than as a direct charge. Although the Second District in McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980), held that sexual battery could constitute an assault within the meaning of the burglary statute, we conclude the word "assault" as used in Section 810.02, Florida Statutes (1977), the burglary statute, should be defined by reference to Section 784.011 and Section 784.021, Florida Statutes (1979). Unless changed by the Legislature, the word assault should have the same meaning in both statutes and the elements of an assault remain the same for both statutes. There can be no question but that the traditional common law definition of assault is the law of this State. State v. White, 324 So.2d 630 (Fla. 1976).
Turning to the instant case, we hold that the information was deficient in that the elements of the assault were not stated. We do not find this to be fundamental error. However, in this case the defendants filed both a motion to dismiss for vagueness and a motion for statement of particulars which were denied. Even at this point on appeal, we are not precisely certain of the facts upon which the State relied to prove an assault in this case. The State contends that the defendants were not prejudiced by this omission at trial. But the defendants were certainly prejudiced when they were sentenced for a first degree felony to 99 years. Without the assault, the burglary was a second degree felony punishable by a maximum of fifteen years.[2] We conclude that the sentencing of the defendants to 99 years for the first degree burglary was error. Since the evidence adequately supports a conviction for burglary as a second degree felony, we reverse the first degree burglary conviction and remand to the trial court with directions to enter judgment for a conviction of second degree burglary and to resentence the defendants in this regard. See Section 924.34, Florida Statutes (1979).
Defendants also raise numerous issues which basically question the legality of multiple charges and sentences for various facets of the same criminal episode. There is substantial recent decisional law on this subject, and the decisions are complex and to some extent confusing. See Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); and Borges v. State, 394 So.2d 1046 (Fla. 4th DCA 1981), aff'd, 415 So.2d 1265 (Fla. 1982). The trend, as evidenced by these cases, is to allow separate *474 charges and sentences for different facets of the same criminal transaction. The courts look primarily to the Legislature in this area and the passage of Section 775.021(4), Florida Statutes (1977), has abrogated the single transaction rule.
In view of these trends and precedents, we find no error as to the robbery conviction and the false imprisonment conviction and the separate sentences therefor. The offenses are not lesser included crimes and defendants have not demonstrated error in this regard. We affirm in part and reverse in part and remand for further procedures in accordance with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DOWNEY, J., concurs.
HURLEY, J., concurs specially with opinion.
HURLEY, Judge, concurring specially.
The false imprisonment charge is based upon the fact that the defendants bound and gagged their victim. As I view it, these acts were part of the force used to effectuate the robbery and, therefore, the crime of false imprisonment merged into the greater crime of robbery. See, e.g., Sloan v. State, 323 So.2d 278 (Fla. 2d DCA 1975); Hernandez v. State, 278 So.2d 307 (Fla. 2d DCA 1973); Adkins, Florida Criminal Law and Procedure, § 32.11 (4th ed. 1977). The First District recently applied a similar rationale and concluded that the confinement was "simply inconsequential or inherent in the nature of the related felony." Friend v. State, 385 So.2d 696, 697 (Fla. 1st DCA 1980).
With this in mind, I am much troubled by the imposition of a separate sentence for the crime of false imprisonment. Yet I feel compelled to concur in today's affirmance because of the Supreme Court's recent decision in Borges v. State, 415 So.2d 1265 (Fla. 1982). In Borges the court held that unless a crime qualifies as a "lesser included offense," it is subject to the separate sentencing requirement of Section 775.021 (4), Florida Statutes (1981).
Although Borges did not discard Brown v. State, 206 So.2d 377 (Fla. 1968), the definitional wellspring for lesser included offenses, it placed primary reliance upon the Schedule of Lesser Included Offenses:
The "category four" concept developed there [in Brown] is applicable but of limited utility in the present context. Moreover, the Florida Standard Jury Instructions in Criminal Cases (1981), contains a Schedule of Lesser Included Offenses which guides the trial courts with greater clarity and certainty than the "category four" concept of Brown.

Borges v. State, 415 So.2d at 1267.
Since false imprisonment is not a lesser included offense under Brown or under its codification in the schedule of lesser included offenses, it would appear that a separate sentence is statutorily mandated. But, Borges also states that "[t]he explicit exclusion of lesser included offenses in Section 775.021(4) makes clear that the legislature does not intend separate convictions and punishments for two or more statutorily defined offenses when in fact only one crime has been committed." Id. at 1267. If the doctrine of merger is still viable, then the false imprisonment and robbery in this case were one crime and only one sentence should be imposed.
Recent federal and state case law indicates that the crucial question is, "What did the Legislature intend?" If, as Borges states, the Legislature intended the imposition of only one sentence for the commission of one crime, then the definition of a lesser included offense should be broadened to encompass merged crimes. In light of the Borges decision, however, this is an alteration which can only be accomplished by the Supreme Court or the Legislature. Accordingly, I concur in the opinion of the court.
NOTES
[1] Count I of the information charged that in the course of the burglary defendants "did make an assault upon Lois Eger" who was also alleged to be the victim of the robbery (Count II) and the false imprisonment (Count III).
[2] The information here was in three counts. Only the robbery count charged that the defendants used a weapon. Thus, the State could not rely on armed burglary for aggravation to a first degree felony.