438 So.2d 886 (1983)
Irene Yvonne PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. AO-323.
District Court of Appeal of Florida, First District.
September 14, 1983.
Rehearing Denied October 28, 1983.
*887 Michael E. Allen, Public Defender, and Gwendolyn Spivey, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
ROBERT P. SMITH, Jr., Judge.
By supplemental brief raising the question for the first time here or in the circuit court, Phillips urges that the charge on which she was tried and convicted after jury trial, labeled "FELONY PETIT THEFT" in the caption of the information, was not alleged in the body of that instrument in such a way as to invoke the felony jurisdiction of the circuit court. Phillips therefore urges that the circuit court lacked jurisdiction of the charge as laid, that the ensuing judgment after trial and verdict was void, and that the jurisdictional defect must be noted even though no objection or motion to dismiss the information was made in the circuit court. Regrettably that is so.
Section 812.014, Florida Statutes (1981), defining and proscribing "theft," provides in subparagraph (2)(c) that "[t]heft of any property not specified in paragraph (a)" (which concerns property valued at $20,000 or more) "or paragraph (b)" (which concerns property valued at $100 to $20,000, or other property particularly described) "is petit theft and a misdemeanor of the second degree... ." The same subparagraph (2)(c) goes on:
Upon a second conviction for petit theft, the offender shall be guilty of a misdemeanor of the first degree... . Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree... .
When the offense charged is "petit theft" by definition of section 812.014, therefore, the circuit court of Duval County has felony jurisdiction only if a conviction upon the charge laid in the information would be the offender's "third or subsequent conviction for petit theft." Sec. 26.012(2)(d), Fla. Stat. (1981). While the circuit court also has jurisdiction of informations charging "misdemeanors arising out of the same circumstances as a felony which is also charged," Id., this is not such a case.
If the critical issue could be posed as one of notice to the accused, rather than as a jurisdictional issue, it might well be argued that Phillips was notified that a felony was charged, albeit imperfectly. Phillips was so notified both by the caption of the information and by the state attorney's filing at arraignment of a notice of intent "to seek a felony petit theft penalty" based on the accused's two specified prior convictions of petit theft, several years earlier, in the county court. But the charging part of the information simply alleged a petit theft violation of section 812.014(2)(c), in that Phillips on a certain date, in Duval County,
did knowingly obtain or use, or endeavor to obtain or use merchandise, valued at less than One-Hundred Dollars ($100.00), the property of Winn Dixie Stores, Incorporated, a corportion [sic], with intent to appropriate the property to her use or to the use of any person not entitled thereto, contrary to the provisions of Section 812.014(2)(c), Florida Statutes.
Omitting reference in the information to Phillips' two prior convictions for petit theft, the state attorney obviously interpreted State v. Harris, 356 So.2d 315 (Fla. 1978), as authorizing or requiring that omission from the charging language in order to avoid the prejudice of revealing the allegation or fact of prior convictions to the trial jury. But Harris appears not to license that omission from the charging document, but only to require a separate post-verdict determination of prior convictions by the circuit judge.
To omit the historical fact of prior convictions from the charging language of an *888 information such as this is to charge only a petit theft, and is said to be a jurisdictional defect, not merely an imperfection in a felony charge that must be challenged by proper motion or else is waived. Christopher v. State, 397 So.2d 406 (Fla. 5th DCA 1981) [information captioned "Grand Theft" under § 812.014(2)(c)]; Brehm v. State, 427 So.2d 825 (Fla. 3d DCA 1983) [information charging § 877.08 violation without alleging prior conviction for same offense]; see also State v. Black, 385 So.2d 1372 (Fla. 1980) [venue]; Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. denied, 283 So.2d 99 (Fla. 1973); Page v. State, 376 So.2d 901 (Fla. 2d DCA 1979); Waters v. State, 354 So.2d 1277 (Fla. 2d DCA 1978); Dicaprio v. State, 352 So.2d 78 (Fla. 4th DCA 1977), cert. denied, 353 So.2d 679 (Fla. 1977); Boley v. State, 273 So.2d 109 (Fla. 4th DCA 1973), cert. denied, 287 So.2d 668 (Fla. 1973); but cf. Peek v. Wainwright, 393 So.2d 1175 (Fla. 3d DCA 1981).
We do not reach the other points urged on this appeal. The judgment and sentence are VACATED. We take note from the state's brief that the same question is presented in several other appeals from the Duval County circuit court.
ZEHMER, J., concurs.
WENTWORTH, J., dissents by written opinion.
WENTWORTH, Judge, dissenting.
The information in this case charged appellant with "Felony petit theft... . contrary to the provisions of Section 812.014(2)(c), Florida Statutes" and contained a specific description of a single petit theft which the statute classifies as a misdemeanor except "upon a third or subsequent conviction ... the offender shall be guilty of a felony ... ." (emphasis supplied). I find the information sufficient to incorporate by reference the language of the cited section defining felony petit theft and would conclude that it was the precise equivalent of a charge that appellant, in the referenced statutory language, was "guilty of a felony" based upon the described theft being "a third or subsequent conviction for petit theft... ." Since the parties and the court apparently so understood the information without objection to the lack of specifics on prior convictions, and as thus construed the information charges an offense cognizable in the circuit court, I find no jurisdictional problem[1] and would affirm for lack of reversible error on other issues presented here.
NOTES
[1] In Christopher v. State, 397 So.2d 406 (Fla. 5th DCA 1981), and Brehm v. State, 427 So.2d 825 (Fla. 3d DCA 1983), the court's jurisdiction could not be determined from the face of the accusatory pleadings in conjunction with the statute. In Christopher the caption "Grand theft" in the information was negated by its specific factual allegations of the amount involved, and nothing else there, or in Brehm, served to reference the enhancement provisions of the statute defining a felony based on prior convictions. The information, accordingly, entirely failed to allege prior convictions essential to the circuit court's jurisdiction.