445 So.2d 581 (1983)
George WICKER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-246.
District Court of Appeal of Florida, Second District.
November 4, 1983.
Rehearing Denied February 8, 1984.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, George Wicker, Jr., was charged and found guilty of burglary, sexual battery and robbery. He was sentenced to seventy-five years for the burglary, thirty years for the sexual battery and ten years for the robbery, the terms to run consecutively with credit for time served.
The basic issues in the case relate to the introduction of evidence of collateral *582 crimes pursuant to Williams v. State, 110 So.2d 654 (Fla. 1959), and whether all the elements of the burglary count were sufficiently alleged in the charging document. We affirm on both of these issues, but set aside the sexual battery convictions on the authority of McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980).[1]
On November 15, 1981, the victim of the offenses was awakened by a man while she was asleep on her couch. The man covered her mouth and told her not to scream. At the same time, another man was in her children's room and threatened to kill them if she moved. The two men, one heavyset with plaited hair and the other thin, conversed with one another, and the victim heard the thin man addressed as Willie. She was then raped by the heavyset man. After the rape was completed, he pulled a curtain over her face and the man called Willie raped her. Thereafter, the two men threw a coat over her head and told her to count to 100. After they left, she reported the incident and discovered that the men had stolen $15 in cash and food stamps. The victim later identified the appellant from a photopak and he was later arrested.
Appellant contends that the trial court erred in admitting evidence of other sexual batteries pursuant to Williams v. State. We disagree. Although evidence of collateral crimes will not be admitted solely on the basis of a mere similarity between the crime charged and the collateral crimes, if there is something particularly unique or unusual about the crime, such that the crime itself becomes a means of proving, for example, the identity of the perpetrator, the evidence of the collateral crimes becomes admissible. Sias v. State, 416 So.2d 1213 (Fla. 3d DCA 1982); Beasley v. State, 305 So.2d 285 (Fla. 3d DCA 1974); Duncan v. State, 291 So.2d 241 (Fla. 2d DCA 1974); Marion v. State, 287 So.2d 419 (Fla. 4th DCA 1974).
In the case at bar, the collateral crime evidence admitted was clearly unique, unusual and relevant to the crime charged. There are numerous similarities between this crime and the collateral crimes. In this case, as in each of the other cases, the victim was raped in the early morning hours, and afterwards, her head was covered and she was told to count to 100 or she would be killed.
We also find no merit in appellant's second point on appeal which concerns the denial of his motion to dismiss the charge of burglary as alleged in Count I of the information. In general, all the central elements of a crime must be stated in the charging document. State v. Dye, 346 So.2d 538 (Fla. 1977). Appellant alleges that Count I is deficient because it alleges as an enhancing factor that he committed "an assault" within the burglarized structure without alleging all of the necessary elements of an assault. In Lindsey v. State, 416 So.2d 471 (Fla. 4th DCA 1982), the court held that an information charging assault as an aggravating factor in a burglary charge must contain elements of assault, even though the assault is not the direct charge. We specifically disagree with that holding in Lindsey. However, the ultimate decision in that case may be correct as the Fourth District could not determine from the record what facts the state relied on to prove an assault. Appellant was charged with burglary in Count I by entering the dwelling of the individual who, in Count II of the information, was alleged to be the victim of the sexual battery. Count I further alleges that appellant's entry into the dwelling was done with the intent to commit "theft and/or involuntary sexual battery and/or robbery," and that in the course of the burglary *583 an assault was made on the victim of the alleged sexual battery.
We consider that our conclusion that Lindsey is incorrect has support, by way of comparison, in felony murder indictments where it is not necessary to allege with particularity the elements of the underlying felony relied on in order to charge first degree felony murder. It seems to us illogical to require specific pleading of all the elements of an enhancing crime under section 810.02(2), Florida Statutes (1981), and not require it as to an underlying offense necessary to the primary offense charged, such as the felony in felony murder. State v. Pinder, 375 So.2d 836 (Fla. 1979); Hardwick v. State, 335 So.2d 307 (Fla. 1st DCA 1976). We conclude then that it would be unreasonable to apply the reasoning in Lindsey to the enhancement offense in a burglary charge when it would not apply in regard to the underlying offense which must be alleged to have been intended to be committed upon entering the structure or conveyance. See State v. Waters, 436 So.2d 66 (Fla. 1983). While appellant argues that the enhancing factor in a burglary charge must be proved to have been committed, and the underlying offense must only have been intended to be committed, the reasoning behind that argument fails when compared to the lack of any requirement to specifically plead the underlying felony in a felony murder charge, which also must be proved to have been committed or attempted.
Finally, in McRae, this court held that appellant could not be convicted of both an enhanced first degree burglary and the sexual battery which formed the basis of the enhanced burglary charge. The reason being that the sexual battery was necessary to sustain a conviction for enhanced first degree burglary. In the case at bar, while appellant was charged only with "assault" as the enhancing offense, it is clear from the entire information that the assault relied upon was the sexual battery as charged in Count II of the information.
Accordingly, we must set aside appellant's sexual battery conviction. The finding that appellant committed a sexual battery was necessary to a conviction for first degree felony burglary. Therefore, appellant could not be convicted of both the first degree burglary and the sexual battery which also formed the basis of the burglary charge.
BOARDMAN, A.C.J., and SCHEB, J., concur.
NOTES
[1] This court properly receded from the authority of McRae for the cited principle on the authority of State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). However, Bell v. State, 437 So.2d 1057 (Fla. 1983) has now explained or receded from Hegstrom to the extent that Hegstrom was interpreted to permit multiple convictions for lesser included offenses in single trial settings. 437 So.2d at 1060. As a result, the then correct act of this court in Speed v. State, 410 So.2d 980 (Fla. 2d DCA 1982), in receding from McRae, is invalidated and McRae is therefore reinstated. See also State v. Harris, 439 So.2d 265 (Fla. 2d DCA 1983).