WENTWORTH, Judge.
Pickelsimer and Daniels, as appellants, and Clark, et al., as appellees, argue in these consolidated appeals from circuit court judgments that motions to dismiss informations charging felony petit theft are properly granted for failure to detail the specifics of prior convictions rendering the current petit theft a felony. The motions to dismiss by Pickelsimer and Daniels were denied and each defendant was found guilty of felony petit theft. The motions to dismiss by Clark, et al., were granted. We conclude that timely motions on that ground should be granted and we therefore reverse the judgments against Pickelsimer and Daniels and affirm as to Clark, et al.
In each case the caption of the information described the charge to be “Felony Petit Theft,” and allegations in the body were that the defendants had deprived the rightful owner of property valued at less than $100 in violation of § 812.014(2)(c), Florida Statutes. The referenced statute provides that “[u]pon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree .... ” The informations did not give specifics of the prior convictions upon which the felony petit theft charges were predicated.
The timely motions in these cases clearly brought to the attention of the state and the trial court the defendants’ objections to the generality of the informations in alleging only the deprivation of property valued at less than $100 in violation of the cited felony petit theft provision, § 812.014(2)(c), Florida Statutes. We conclude that defendants were entitled at that point to informa-tions which were not ambiguous in identifying the prior convictions relied upon to render conviction on the current charge “a third or subsequent conviction for petit theft” and make defendants “guilty of a felony” in the language of the statute incorporated by reference in the informations. The motions should therefore have been granted for that reason, and we need not, accordingly, speculate as to the outcome if defendants had not filed motions to dismiss, and we need not reach the issue presented in Phillips v. State, 438 So.2d 886 (Fla. 1st DCA 1983), as to the asserted jurisdictional nature of the omissions here in question.[1]
The judgments against Pickelsimer and Daniels are reversed, those in favor of Clark and his co-appellees are affirmed, and the causes remanded for further proceedings consistent herewith.
LARRY G. SMITH and JOANOS, JJ., concur.

. We note, however, that the decision cited by movants in this case, Christopher v. State, 397 So.2d 406 (Fla. 5th DCA 1981), involved an information which, even when read in conjunction with the statute there referenced, did not state a charge cognizable by the circuit court. Defendant there was faced with a patent inconsistency between caption and body of the charging instrument and clearly could not properly be tried for theft of a larger amount than that specified, based upon allegations of clerical error. Cf. Jones v. State, 415 So.2d 852 (Fla. 5th DCA 1982), for application of the doctrine of incorporation by reference to statutes in charging instruments.