WENTWORTH, Judge.
Appellant was charged with two counts of selling alcoholic beverages without a license, and two counts of maintaining a place where alcohol was sold without a license in violation of § 562.12. The case was tried in the circuit court, and the jury *1265 returned guilty verdicts on the latter two counts.
The caption of the amended information stated that the charges against appellant were felonies,[1] and the factual allegations for each count were that appellant, “having previously been convicted of a violation of the Beverage Law of the State of Florida,” violated § 562.12.[2] That statute classifies as a misdemeanor the sale of alcohol, or maintenance of a place where alcohol is sold, without a license. However, § 562.45 provides that any person who has been convicted of a beverage law violation and is thereafter convicted of a further violation shall be guilty of a third degree felony.[3]
Analogizing this case to Phillips v. State, 438 So.2d 886 (Fla. 1st DCA 1983), appellant argues that the allegations of the amended information were insufficient to invoke the jurisdiction of the circuit court, that the deficiency is fundamental and therefore his conviction must be reversed.
In Phillips, the court found that labeling the information “Felony Petit Theft” was insufficient to invoke circuit court jurisdiction when the body of the information alleged facts which would only constitute misdemeanor petit theft, and referenced § 812.014(2)(c). Section 812.014(2)(c) defines petit theft[4] as a misdemeanor but goes on to provide that:
*1266 ... Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree.
In holding that the deficiency was so fundamental that the circuit court did not have jurisdiction, the court explained:
To omit the historical fact of prior convictions from the charging language of an information such as this is to charge only a petit theft and is said to be a jurisdictional defect,_
Id. at 887, 888.
Unlike Phillips, the historical fact of the prior conviction in this case was alleged in the charging language of the information, albeit in conclusory terms devoid of the specific facts constituting the prior conviction. Thus, we find this case distinguishable from Phillips, and controlled instead by the recent Supreme Court decision in State v. Lindsey, 446 So.2d 1074 (Fla.1984).
In Lindsey, the defendants had been charged with burglary in the course of which the offenders committed an assault.[5] The fourth district reversed the convictions on that charge[6] holding that the information was deficient in that it did not allege facts constituting the assault but merely stated that an assault was committed upon the occupant of the house. Lindsey v. State, 416 So.2d 471 (Fla. 4th DCA 1982). In reversing the district court, the Supreme Court reiterated the rule that:
An information must be quashed for vagueness on a motion to dismiss only if it is “so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.”
Lindsey at 1075.
As in Lindsey, the information in this case charged ultimate, conclusory facts. Also as in Lindsey, the defendant here had available to him the modern, more liberal discovery rules to prevent any handicap in the preparation of his defense.[7] Since the information in Lindsey was found to be sufficient to withstand the defendant’s motions to dismiss, it follows that the information in this case was sufficient to invoke the jurisdiction of the circuit court.
Appellant’s remaining point on appeal asserts that fundamental error occurred when the investigating officer testified that he had received information that alcoholic beverages were being sold in the area. Citing Collins v. State, 65 So.2d 61 (Fla.1953), and Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981), appellant argues that the officer’s testimony was inadmissible hearsay. Assuming, without deciding, that Collins and Postell are applicable to the broad statement at issue here,[8] we hold that any error which might have occurred was harmless in light of the overwhelming evidence against appellant, and the fact *1267 that both he (through his testimony) and his attorney (in his opening statement) provided the jury with essentially the same information, i.e., that it was generally known that there were a lot of “bootleg” houses “in the area.”
Affirmed.
ERVIN, C.J., and BOOTH, J., concur.

. The caption read as follows:
AMENDED INFORMATION FOR
I. SALE OF ALCOHOLIC BEVERAGES WITHOUT A LICENSE (FELONY)
II.MAINTAINING A PLACE WHERE ALCOHOLIC BEVERAGES ARE SOLD WITHOUT A LICENSE (FELONY)
III. SALE OF ALCOHOLIC BEVERAGES WITHOUT A LICENSE (FELONY)
IV. MAINTAINING A PLACE WHERE ALCOHOLIC BEVERAGES ARE SOLD WITHOUT A LICENSE (FELONY)

. Section 562.12(1) provides:
562.12 Beverages sold with improper license, or without license, or held with intent to sell prohibited.—
(1) It is unlawful for any person to sell alcoholic beverages without a license, and it is unlawful for any licensee to sell alcoholic beverages except as permitted by his license, or to sell such beverages in any manner except that permitted by his license; and any licensee or other person who keeps or possesses alcoholic beverages not permitted to be sold by his license, or not permitted to be sold without a license, with intent to sell or dispose of same unlawfully, or who keeps and maintains a place where alcoholic beverages are sold unlawfully, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

. Section 562.45(1) provides:
562.45 Penalties for violating Beverage Law.—
(1) Any person willfully and knowingly making any false entries in any records required under the Beverage Law or willfully violating any of the provisions of the Beverage Law, concerning the excise tax herein provided for shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. It is unlawful for any person to violate any provision of the Beverage Law, and any provision of the Beverage Law for which no penalty has been provided shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083; provided, that any person who shall have been convicted of a violation of any provision of the Beverage Law and shall thereafter be convicted of a further violation of the Beverage Law, shall, upon conviction of said further offense, be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.-084.

.Section 812.014 provides in part:
812.014 Theft.—
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
(2)(a) If the property stolen is of the value of $20,000 or more, the offender shall be guilty of grand theft in the first degree, punishable as a felony of the second degree, as provided in ss. 775.082, 775.083, and 775.084.
(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084, if the property stolen is:
1. Valued at $100 or more, but less than $20,000.
[[Image here]]
(c) Theft of any property not specified in paragraph (a) or paragraph (b) is petit theft and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Upon a second conviction for petit theft, the offender shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.-082 or s. 775.083. Upon a third or subsequent *1266 conviction for petit theft, the offender shall be guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084.

. Section 810.02 provides in part:
810.02 Burglary.—
(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.-084, if, in the course of committing the offense, the offender:
(a) Makes an assault or battery upon any person.

. Unlike this case, the defendants in Lindsey had filed motions to dismiss which were denied.

. The failure to cite the particular statute which the defendant is alleged to have violated is not grounds for dismissal if such omission did not mislead the defendant to his prejudice. Fla.R. Crim.P. 3.140(d)(1). In this case the omitted statutory citation was not the statute appellant allegedly violated but was the statute elevating the violation to a felony.

. At issue in both Postell and Collins was the admissibility of hearsay statements, the inescapable inferences of which were that a non-testifying witness had furnished the police with direct evidence of the defendants' guilt. In this case, the statement that the police had information that alcoholic beverages were being sold "in the area” is comparatively innocuous.