454 So.2d 792 (1984)
Brian VILETA, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2397.
District Court of Appeal of Florida, Second District.
August 31, 1984.
*793 Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Brian Vileta challenges his sentences for carrying a concealed firearm, armed burglary, and grand theft as being imposed outside the recommended range of the sentencing guidelines. We reverse.
On February 3, 1982, the state charged defendant with carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (1981). Defendant pled guilty and was placed on probation for three years. Subsequently, on April 18, 1983, an affidavit of violation of his probation was filed. Defendant pled guilty, his probation was revoked, and he was sentenced on the firearm charge on October 19, 1983.
In a separate unrelated incident, defendant was charged on July 19, 1982, with armed burglary in violation of section 810.02(2)[1] *794 and grand theft pursuant to section 812.014. Defendant pled guilty to these charges but failed to appear for sentencing as scheduled in January 1983. Subsequently, he came before the trial judge for sentencing at the same date and time as the sentencing for the offense for which his probation was revoked.
Defendant elected to be sentenced under the new sentencing guidelines. See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983); Harrington v. State, 455 So.2d 1317 (Fla.2d DCA 1984). In determining defendant's sentences, the trial court used one scoresheet for the charge of carrying a concealed firearm and a separate scoresheet for the armed burglary and grand theft charges. Defendant was sentenced for sixty-six months on the armed burglary and, concurrently, sixty months on the grand theft. He received a thirty-month sentence on carrying a concealed firearm, consecutive to the armed burglary and grand theft sentences. Thus, he effectively received a total sentence of eight years.
On appeal defendant alleges a number of errors in the sentencing procedure of October 19, which resulted in his sentence being outside the recommended guidelines. First, he argues that the court erred in using two separate scoresheets to compute his sentence. He is correct. Florida Rule of Criminal Procedure 3.701(d)(1) is explicit on this point and states that only "[o]ne guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing" (emphasis added). This is true despite the fact that various offenses may have been committed by defendant on different dates. Since defendant's "primary offense" was armed burglary, rule 3.701(d)(3), the scoresheet for carrying a concealed firearm must be stricken as incorrect. On resentencing, grand theft and carrying a concealed firearm are to be scored as additional offenses pursuant to rule 3.701(d)(4).
Defendant next correctly argues that the court erred in scoring his primary offense of armed burglary. Armed burglary is a first degree felony punishable by imprisonment for a term of years not exceeding life imprisonment. § 810.02(2), Fla. Stat. (1981). It is not a life felony. See § 775.082(3)(a) and (b). The trial judge, however, improperly scored this offense as a life felony presumably because the scoresheet for burglary offenses did not specify a point total for first-degree felonies punishable by life. Since, at the time of the sentencing, the guidelines only specified point assessments for first-degree felonies or life felonies, but nothing in between, see rule 3.988(e), the offense should have been scored as a felony of the first degree.[2]
The record reveals that several times during the proceedings the trial judge made remarks to the effect that he intended to deviate from the guidelines by aggravating defendant's presumptive sentence. Nevertheless, the imposition of a total sentence of eight years was within the recommended range based on the court's own calculations. Since these calculations were incorrect (our own calculations resulted in a presumptive sentence of only three years), the sentences are actually outside the guidelines; yet, it is not clear from the record that the trial judge really intended to depart from the guidelines. Because of *795 this ambiguity, we decline to address at this time the contentions of the parties concerning the court's justification for deviating from the guidelines.
Accordingly, we vacate defendant's sentences and remand for resentencing. On remand defendant should be sentenced under the guidelines in effect on October 19, 1983, with his score to be computed in accordance with our opinion. See Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984). Of course, a sentence must be imposed for each offense, but the total sentence cannot exceed the total guideline sentence, rule 3.701(d)(12), unless the court should desire to deviate from the recommended range, whereupon it shall state in writing its reasons for doing so. Rule 3.701(d)(11). See Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984). We also point out that defendant's judgment of conviction should be changed to indicate that he was charged with, and convicted of, armed burglary, a first-degree felony, rather than a second-degree felony. Should the trial court impose a sentence outside the range recommended by the guidelines, then either party may appeal after resentencing. §§ 924.06(1)(e), 924.07(9), Fla. Stat. (1983).
GRIMES, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The information alleged a violation of section 810.02(3) when it should have alleged section 810.02(2). However, defendant clearly was aware that he was being charged with armed burglary, a violation of section 810.02(2), and no prejudice resulted to defendant due to the incorrect citation. See Wood v. State, 354 So.2d 134 (Fla. 1st DCA), cert. denied, 361 So.2d 836 (Fla. 1978); King v. State, 336 So.2d 1200 (Fla. 2d DCA 1976), cert. denied, 345 So.2d 424 (Fla.), cert. dismissed, 434 U.S. 802, 98 S.Ct. 30, 54 L.Ed.2d 60 (1977).
[2] The guidelines were subsequently amended on May 8, 1984. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), No. 65,216 (Fla. May 8, 1984). The new scoresheets for category five (burglary) offenses now specify a separate point assessment for first degree felonies punishable by life, in addition to life felonies and first-degree felonies.