PER CURIAM.
This is an appeal from a denial of motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As grounds for relief appellant alleged that the trial court erred in finding that the decision of this court in Phillips v. State, 438 So.2d 886 (Fla. 1st DCA 1983), was not binding because the issue in Phillips had been certified to the Florida Supreme Court as a question of great public importance. We reverse, but as in Phillips we certify the instant case as presenting a question of great public importance.
In Phillips, and in the instant case, the respective defendants were charged with felony petit theft. The caption of the charging documents recited that appellants were charged under Statute § 812.-014(2)(c),[1] Information for Felony Petit Theft. In each instance there was no recitation in the body of the charging document that the respective defendant had ever been convicted of two prior felony thefts.
The question in Phillips and the underlying question here is whether the information was sufficient to charge a felony through incorporating by reference the language of the cited section. The court in Phillips answered this question in the negative, saying:
To omit the historical fact of prior convictions from the charging language of an information such as this is to charge only a petit theft, and is said to be a jurisdictional defect, not merely an imperfection in a felony charge that must *1245 be challenged by proper motion or else is waived, (citations omitted). Id., 888.
The Phillips decision has been followed by subsequent panels of this court.[2]
The trial court, in denying appellant’s motion, found as a matter of law that Phillips was not binding since the issue in Phillips had been certified to the Florida Supreme Court for resolution. The trial judge noted that he found the rationale of the dissenting judge in Phillips to be persuasive on the jurisdictional issue.
We reverse the trial court, finding error in the failure to follow Phillips. In Re Rule 9.331, etc., 416 So.2d 1127, 1128 (Fla.1982); State ex rel. Price v. McCord, 380 So.2d 1037, 1039 (Fla.1980); Schaeper v. J.M. Fields, Inc., 362 So.2d 350 (Fla. 1st DCA 1978). However, since we believe the jurisdictional issues raised in Phillips and in the case here to be of great public importance, we certify the following question to the Florida Supreme Court:
Is a circuit court deprived of subject-matter jurisdiction when the caption of the charging document charges the defendants] with felony petit theft and the body thereof cites the proper Florida Statute, § 812.014(2)(c), but the text of the charge alleges the value of the property to be less than $100 and does not specify the substantive elements of two prior petit theft convictions?
SMITH and ZEHMER, JJ., concur.
JOANOS, J., dissents in part.

. Section 812.014(2)(c), Florida Statutes, provides:
Theft of any property not specified in paragraph (a) or paragraph (b) is petit theft and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Upon a second conviction for petit theft, the offender shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084.

. O’Neal v. State, 444 So.2d 1142, 1143 (Fla. 1st DCA 1984); Donald v. State, 442 So.2d 271, 272 (Fla. 1st DCA 1983).