LEHAN, Judge.
Defendant appeals from his convictions for burglary during which an assault was committed (first degree burglary punishable by life) and first degree sexual battery, violations of section 810.02(2)(a) and 794.-011(4)(b), Florida Statutes (1983). We affirm the conviction for first degree sexual battery but vacate the sentence therefor. We reverse defendant’s conviction and sentence on first degree burglary punishable by life and direct that the burglary conviction be reduced to second degree burglary. We remand for resentencing for first degree sexual battery and second degree burglary.
The crime of burglary is enhanced to a felony of the first degree punishable by life imprisonment if a defendant commits an assault or battery in the course of committing a burglary. § 810.02(2)(a), Fla. Stat. (1983). Sexual battery is a first degree felony. § 794.011(4)(b), Fla.Stat. (1983). Of the five points raised on appeal, we find merit only in the point contending that the trial court erred in convicting and sentencing defendant for both burglary and the sexual battery which was the basis for enhancing the burglary to first degree burglary punishable by life. See Wicker v. State, 445 So.2d 581 (Fla. 2d DCA 1983), review granted.
In Wicker this court vacated a defendant’s conviction for sexual battery because
[t]he finding that appellant committed a sexual battery was necessary to a conviction for first degree felony burglary. Therefore, appellant could not be convicted of both the first degree burglary and the sexual battery which also formed the basis of the burglary charge.
Id. at 583. See also McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980).
In the factually similar Wicker case this court vacated a sexual battery conviction and allowed an enhanced first degree burglary conviction to stand. In the case now before us we vacate the first degree burglary punishable by life conviction and allow the sexual battery conviction to stand. The reason for the difference is that in Wicker the defendant apparently was sentenced prior to the time the sentencing guidelines were in effect, and first degree burglary punishable by life was the higher of the two offenses because it carried the greater maximum sentence. On the other hand, in the case now before us the originally enacted guidelines apply.[1] Under those guidelines first degree burglary punishable by life may appear to be the primary offense because it is a higher statutory degree than first degree sexual battery. Fla.R.Crim.P. 3.701d.3.(a). However, the guidelines scoresheet for burglary which was in effect at the time of de- *1215 fendant’s sentencing “only specified point assessments for first-degree felonies or life felonies, but nothing in between_”, i.e., the scoresheet omitted first degree felonies punishable by life. Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984).
Therefore, as Vileta held, the first degree burglary punishable by life conviction in this case should be scored only as a first degree felony. Under the original guidelines, when a defendant was convicted of two or more offenses of the same degree (and under Vileta the first degree burglary punishable by life conviction in this case must be treated as a first degree felony, the same degree as the sexual battery conviction), the offense with the lowest guidelines category number should have been used as the primary offense. Fla.R.Crim.P. 3.701d.3.(b). Accordingly, the sexual battery conviction in the case now before us should have been used as the primary offense for sentencing guidelines purposes because sexual battery is a category 2 offense under the guidelines, and burglary is a category 5 offense. Fla. R.Crim.P. 3.988.
In summary, under Wicker one of the convictions should be vacated, and under the foregoing reasoning based upon Vileta, coupled with the procedures for determining the primary offense under the original guidelines, the first degree burglary conviction punishable by life is the offense which should be vacated. But since the only error in these multiple convictions derived from using the enhancing factor of sexual battery to convert second degree burglary to first degree burglary and without that enhancing factor the crime of second degree burglary continues to exist, defendant should be sentenced for sexual battery and second degree burglary.
The trial court erred in not using the foregoing approach in the sentencing of defendant. (We recognize that Vileta was decided after the time of sentencing in this case.) Also, the trial court was given for consideration two graded scoresheets, one for “category 5 burglary” and the other for “category 2 sexual offenses.” The guidelines in effect at defendant’s sentencing required that “one guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing.” Fla.R.Crim.P. 3.071d.l. On the basis of the recommended sentencing range shown by the points on that scoresheet, “a sentence must be imposed for each offense [of which defendant is convicted]. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.” Fla.R. Crim.P. 3.701d.l2.
The enhanced burglary conviction and sentence are vacated. Defendant should be resentenced using first degree sexual battery as the primary offense and second degree burglary as an additional offense. It appears that the trial court departed from the recommended guidelines sentencing range when he sentenced defendant for sexual battery and first degree burglary. Of course, on resentencing the trial court may again depart from the recommended guidelines sentencing range if he articulates clear and convincing reasons therefor. See Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984).
The state has raised a question concerning the continued validity of Wicker in light of Scott v. State, 453 So.2d 798, 799 (Fla.1984); State v. Baker, 452 So.2d 927 (Fla.1984); and State v. Gibson, 452 So.2d 553 (Fla.1984).
We believe the answer to that question is susceptible to legitimate debate. The subject of multiple convictions and sentences in a single trial has been difficult and a matter of developing law. We note that another panel of this court confirmed Wicker. See Wicker v. State, 445 So.2d 583 (Fla. 2d DCA 1984) (on motion for rehearing en banc). The Florida Supreme Court’s pending review of Wicker, together with its pending review of other related eases, presumably will resolve the question. See Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1984), review granted; O’Hara v. State, 448 So.2d 524 (Fla. 5th DCA 1984), review granted; Snowden v. *1216 State, 449 So.2d 332 (Fla. 5th DCA 1984), review granted.
We certify to the Florida Supreme Court the following question to be of great public importance:
MAY A DEFENDANT BE CONVICTED AND SENTENCED FOR BOTH SEXUAL BATTERY AND FIRST DEGREE BURGLARY PUNISHABLE BY LIFE (WHICH IS ENHANCED FROM BURGLARY TO FIRST DEGREE BURGLARY PUNISHABLE BY LIFE BY REASON OF THE COMMISSION OF ASSAULT OR BATTERY IN THE COURSE OF THE BURGLARY) WHEN THE SEXUAL BATTERY IS THE SAME CONDUCT ON THE BASIS OF WHICH THE BURGLARY CHARGE IS SO ENHANCED?
Reversed and remanded for proceedings consistent herewith.
BOARDMAN, A.C.J., and DANAHY, J., concur.

. See The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guideline), 451 So.2d 824 (Fla.1984) for amendments to the guidelines subsequent to the sentencing in this case.