237 So.2d 18 (1970)
James Edward McPHERSON, Appellant,
v.
STATE of Florida, Appellee.
No. M-56.
District Court of Appeal of Florida, First District.
June 25, 1970.
E. Ward Harris, Panama City, for appellant.
Earl Faircloth, Atty. Gen., and Horace A. Knowlton, III, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Defendant seeks review of a judgment of conviction and sentence based upon his plea of nolo contendere to an information charging him with the offense of breaking *19 and entering with intent to commit a misdemeanor. It is appellant's primary contention that the record of the proceeding in the trial court fails to establish that his plea of nolo contendere was knowingly, intelligently and voluntarily entered, and, therefore, the judgment and sentence predicated thereon are void and should be set aside.
Prior to the time of his arraignment, appellant, a 17-year-old boy, was adjudged insolvent and the public defender was appointed to represent him. At the time of arraignment appellant's counsel announced to the court that appellant waived the formal reading of the information and desired to enter a plea of nolo contendere as charged. At no time during this hearing does the record reflect any inquiry by the court of appellant as to the latter's knowledge and understanding of the nature of the charge against him, or of the legal consequence of his plea. The record also fails to reflect any examination of appellant by the court touching upon the voluntariness of his plea. Further proceedings in the case were adjourned to await a presentence investigation. Some twenty days later appellant reappeared before the court in the company of his court-appointed counsel at which time his plea was accepted, he was adjudged guilty and sentenced to a term of imprisonment in the state prison. The record of this hearing fails to reflect any inquiry by the court of appellant concerning his understanding of the legal consequences of his plea or whether it was knowingly and understandingly made.
In the recent case of Boykin v. Alabama,[1] the Supreme Court of the United States held in effect that a defendant who pleads guilty to a criminal offense with which he is charged is denied due process of law unless his plea is knowingly, understandingly, and voluntarily made. In that case the court said:
"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. * * * Admissibility of a confession must be based on a `reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' * * * The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70, 77, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: `Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'
"We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect coverup of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. * * *
"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. * * * Second is the right to trial by jury. * * * Third, is the right to confront one's accusers. * * * We cannot presume a waiver *20 of these three important federal rights from a silent record."
In the case sub judice appellant was represented by court-appointed counsel who entered on his behalf the plea of nolo contendere upon which the judgment of conviction and sentence was ultimately predicated. At the time this occurred appellant was accompanied before the bar of the court by his father who was present during the proceedings. Although some three weeks transpired between the initial hearing and the later hearing at which judgment and sentence were rendered, no motion was made by appellant to withdraw his plea because it was not knowingly and understandingly made or voluntarily tendered for acceptance by the court. Likewise, at the latter hearing no such motion or representation was made indicating a desire on appellant's part to withdraw his tendered plea and plead not guilty of the charge against him. Indeed, at no time either prior or subsequent to the imposition of judgment and sentence has any contention been made by appellant that the plea of nolo contendere filed on his behalf by his attorney was not knowingly, understandingly, and voluntarily made. The only contention urged by him on this appeal is that the record of the two hearings held before the court failed to reflect any inquiry of him concerning his understanding of the nature of the charge alleged in the information, or the voluntariness of the plea entered on his behalf by his attorney. We are not willing to assume without adequate support in the record that the trial judge did not make such inquiry as he deemed adequate and sufficient to insure that the plea entered by appellant was knowingly, understandingly, and voluntarily made at the time it was accepted and relied on as the basis for the imposition of judgment and sentence. We must therefore hold on the basis of the record before us that appellant has failed to demonstrate any violation of his constitutional rights or that he has been deprived of due process of law by the manner in which his trial court proceedings were conducted.
In reaching the conclusion expressed above we deem it appropriate to invite the attention of trial courts to the importance of causing the record of the proceedings conducted by them on a plea of guilty or nolo contendere to clearly reflect that the plea was knowingly and understandingly tendered by the defendant and was voluntarily made free from any threats, intimidation, coercion, promises or inducements of any kind. Such may be done only by specific interrogation of the defendant by the court, and making sure that the record accurately reflects all questions asked and answers given concerning these issues. Such a record will render the judgment of conviction impervious to attack on the ground that the defendant was denied due process of law and deprived of his constitutional rights by the manner in which his plea was tendered and accepted. It will materially assist appellate courts in their consideration of challenges made to judgments based upon pleas of guilty and nolo contendere, and to this extent further the orderly administration of justice.
Although we do not find sufficient grounds for reversing the judgment appealed because of the reasons hereinabove stated, our holding is without prejudice to the right of appellant to challenge the voluntariness of his plea and the validity of the judgment based thereon by a motion for post-conviction relief pursuant to the procedure authorized by Criminal Procedure Rule 1.850, 33 F.S.A. This is the procedure authorized and approved under similar circumstances by the Supreme Court of the United States in Halliday v. United States,[2] and reaffirmed in the dissenting opinion by Justices Harlan and Black in Boykin v. Alabama, supra.
Affirmed.
CARROLL, DONALD K., Acting Chief Judge, and SPECTOR, J., concur.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 23 L.Ed.2d 274, 279, 280, 89 S.Ct. 1709 (1969).
[2] Halliday v. United States, 394 U.S. 831, 23 L.Ed. 216, 89 S.Ct. 1498.