WIGGINTON, Judge.
Appellant seeks reversal of a judgment of conviction and sentence based upon his plea of guilty to two counts of an information charging him separately with the offenses of petit larceny and grand larceny. It is his contention that the trial court erred in failing to' determine before accepting his plea of guilty that it was voluntarily, knowingly and understanding^ made, and therefore the judgment of conviction based upon such plea is void and should be set aside.
Appellant was represented in the trial court by the office of the public defender. After pleading not guilty to both counts of the information brought against him, appellant appeared before the court accompanied by his counsel who announced that appellant desired to withdraw his plea of not guilty and to plead guilty to the lesser charge of petit larceny alleged in count one of the information and to plead guilty to grand larceny alleged in count two thereof. A transcript of the proceedings held before the court at the time of tendering such plea of guilty establishes that the following colloquy between the court and defendant constitutes the only inquiry made by the court of defendant with respect to his plea:
“THE COURT: Is that your desire, Mr. Hodge ?
THE DEFENDANT: Yes, sir.
THE COURT: The plea will be accepted and the case will be referred to the Florida Parole Commission for investigation, report and recommendation.”
The record reflects no inquiry by the court of appellant as to the latter’s knowledge and understanding of the nature of the charge against him, the legal consequences of his plea of guilty, or whether the plea was voluntarily and understandingly made.
It is appellant’s contention that the trial court erred in accepting his plea of guilty and rendering judgment and sentence there *866 on without first having determined that his plea was knowingly and understandingly made as required by the Supreme Court of the United States in Boykin v. Alabama.[1]
The identical issue raised on this appeal was considered by this court in McPherson v. State.[2] In rejecting appellant’s contention that the trial court had erred, thereby requiring reversal of his judgment of conviction and sentence, this court said:
“ * * * The only contention urged by him on this appeal is that the record of the two hearings held before the court failed to reflect any inquiry of him concerning his understanding of the nature of the charge alleged in the information, or the voluntariness of the plea entered on his behalf by his attorney. We are not willing to assume without adequate support in the record that the trial judge did not make such inquiry as he deemed adequate and sufficient to insure that the plea entered by appellant was knowingly, understandingly, and voluntarily made at the time it was accepted and relied on as the basis for the imposition of judgment and sentence. We must therefore hold on the basis of the record before us that appellant has failed to demonstrate any violation of his constitutional rights or that he has been deprived of due process of law by the manner in which his trial court proceedings were conducted.”
Our holding in McPherson was specifically made without prejudice to the right of appellant to seek post-conviction relief as authorized by Criminal Procedure Rule 1.850, 33 F.S.A. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K„ Acting C. J., and RAWLS, J., concur.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

. McPherson v. State (Fla.App.1970) 237 So.2d 18, 20.