RAWLS, Judge.
By this collateral attack pursuant to the provisions of Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., appellant challenges the judgment and sentence upon the grounds of (1) involuntariness of his plea of guilty because of coercion by the prosecuting attorney, and (2) denial of relief by the trial court without granting an evidentiary hearing.
An examination of the record in this cause reveals that appellant, who was duly represented by privately-employed counsel, entered a plea of guilty. The record does not reveal any inquiry by the trial court as to the voluntariness of the plea. Rule 1.-170, Florida Rules of Criminal Procedure, provides as follows:
“(a) Type of Pleas; Court’s Discretion in Accepting.— * * * The court * * * shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.”
As noted above, defendant was represented by privately-employed counsel at the time he withdrew his former plea of not guilty and entered a plea of guilty. The record reveals that the plea of guilty was entered as to Count 1 of the information which charged appellant with breaking and entering with intent to commit a felony. Concurrently therewith, a nolle prosequi was announced by the State as to Count 2 of the information which charged defendant with grand larceny.
*268 In our opinion it would ordinarily be presumed that a member of The Florida Bar always adequately informs his client concerning the nature of the charge pending against him and the consequences of a plea of guilty before allowing such a plea to be entered. We cannot invoke this presumption in the instant case because the Rules of Criminal Procedure provide explicitly that the trial judge shall not accept a plea of guilty without first determining that it is made voluntarily with an understanding of the nature of the charge. Solely because of this rule, after considering prior United States Supreme Court decisions which served as a catalyst for adoption of the rule, we are compelled to remand this cause to the trial court for an evidentiary hearing upon the question of whether or not the trial judge made such inquiry as contemplated by said rule.
This court in McPherson v. State, 237 So.2d 18 (1970), stated:
“ * * * we deem it appropriate to invite the attention of trial courts to the importance of causing the record of the proceedings conducted by them on a plea of guilty or nolo contendere to clearly reflect that the plea was knowingly and understanding^ tendered by the defendant and was voluntarily made free from any threats, intimidation, coercion, promises or inducements of any kind.”
This court then stated therein that the proper method for seeking such a review would be pursuant to procedure authorized by Criminal Procedure Rule 1.8S0. The appellant herein has followed the procedure as outlined in McPherson v. State, supra, therefore, the cause is remanded with directions to the trial court to grant appellant an evidentiary hearing.
Reversed and remanded with directions.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.