COWART, JOE A., Jr., Associate Judge.
This is an appeal from the denial of an amended petition for Writ of Habeas Corpus.
*13 The appellant was charged with violation of a St. Petersburg municipal ordinance, signed a waiver of counsel form, pled guilty and was sentenced to 10 days confinement. The application for habeas corpus, and this appeal from its denial, are primarily based on the argument that Ar-gersinger v. Hamlin, 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, requires counsel in misdemeanor cases and that the waiver of counsel in this case was not knowingly and intelligently made because it was executed in the presence of a city prosecutor and not before the trial judge in open court. The order appealed was entered only after the circuit judge granted an evi-dentiary hearing and found that, in fact, the appellant had knowingly and intelligently waived his right to counsel. This factual finding comes to this court with the usual presumption in its favor.
For the principle that the trial judge has the duty to determine the volun-tariness of waiver of counsel, the appellant cites Mason v. State, Fla.1965, 176 So.2d 76, Donald v. State, Fla.App.1964, 166 So.2d 453, and Love v. State, Fla.App.1972, 270 So.2d 408. This is a correct principle of law but contemplates the usual situation where the first consideration of counsel for the accused was when he appeared before the trial judge and does not mean that counsel for the trial stage cannot be lawfully waived in any other manner, such as out of court before trial. Here, since the matter of counsel had been considered by the accused and voluntarily and intelligently waived by him b'efore his appearance before the trial judge, there was no requirement that the judge pursue or review the question on his own motion.[1] Appellant never presented the question of the legality of his waiver to the trial judge. This question should have been first presented to the judge who relied on the waiver and direct appeal taken to the circuit court from any adverse finding.
The order denying the' writ of habeas corpus is affirmed.
MANN, C. J., and BOARDMAN, J., concur.

. Of course, officers seeking a statement from the accused and complying with Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, have been required to offer and furnish counsel or obtain a proper waiver and now under RCrP Rule - 3.111 (c) (1) and (2), 33 F.S.A., booking officers are required to extend an offer of counsel and county judges at First Appearance consider appointment of counsel under RCrP Rule 3.130(b) (2) (ii). Of course, these procedural rules do not apply to a municipal court but illustrate common examples of consideration of waiver or furnishing of counsel by someone other than the trial judge.