RAWLS, Judge
(specially concurring).
At first blush it appears that this court’s opinion in Williams v. State, 245 So.2d 267 (Fla.App. 1st 1971), requires remand for an evidentiary hearing where the record, such as in the instant case, does not disclose inquiry by the trial judge as to the voluntariness of a defendant’s plea of guilty. Williams is not applicable. The pleas of guilty here considered were entered by defendant’s privately retained counsel on November 23, 1964, some five years prior to the U.S. Supreme Court’s decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and at said time Florida had not adopted a “voluntariness” rule.[1] We clearly stated in Williams that:
“In our opinion it would ordinarily be presumed that a member of The Florida Bar always adequately informs his client concerning the nature of the charge pending against him and the consequences of a plea of guilty before allowing such a plea to be entered. We cannot invoke this presumption in the instant case because the Rules of Criminal Procedure provide explicitly that the trial judge shall not accept a plea of guilty without first determining that it is made voluntarily with an understanding of the nature of the charge. Solely because of this rule, after considering prior United States Supreme Court decisions which served as a catalyst for adoption of the rule, we are compelled to remand this cause to the trial court for an evidentia-ry hearing upon the question of whether or not the trial judge made such inquiry as contemplated by said rule.”
The predicate for Williams being absent, we presume that appellant’s trial counsel, a distinguished member of The Florida Bar “adequately inform [ed] his client concerning the nature of the charge pending against him and the consequences of a plea of guilty before allowing such a plea to be entered.” Such presumption is especially true in considering the history of this case, wherein appellant had once entered pleas of not guilty for the identical crimes, was tried and convicted, sentenced to death, and reversed and remanded for a new trial.

. The predecessor of Florida Rule of Criminal Procedure 3.170(j) was 1.170(a) which was adopted by the Florida Supreme Court in 1967. This rule was patterned after Federal Rule of Criminal Procedure 11.