MELVIN, Judge.
The appellant-defendant filed with this Court his petition for writ of habeas corpus alleging that following the entry of a judgment and sentence against him on June 22, 1971, he requested his court appointed attorney to prosecute an appeal for him and that the attorney failed to do so. Based upon such allegation, we granted under Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967), a full appeal to the defendant. The matter is now before the court on the record and briefs of the parties. The defendant urges reversal of the judgment and sentence upon his bare allegation that “. . . the relator plea was not entered understandingly and voluntarily . . ” The defendant entered a plea of nolo con-tendere to the crime of robbery. He in no way states with any particularity what caused him to involuntarily enter such plea or what it was about the proceedings that he did not understand. So, we have the question as to whether such bare allegation is sufficient to overcome the presumption of correctness that is visited upon a final judgment of a court of competent jurisdiction.
*908 The record does not contain the court reporter’s transcript as to what transpired at the plea session. Those notes have been lost. The record does contain, however, the testimony of an attorney who was present at the time of the entry of such plea. The attorney testified that he was aware of this particular case because he is a relative of the robbery victim. It was the testimony of the attorney that Trial Judge M. C. Blanchard explained to the several defendants, including the defendant Lovelace, in particular, their rights, explored the question of the voluntariness of their plea, and whether they understood the nature of the charge pending against them. Further, the record reveals that the trial judge, in all cases, follows that procedure before accepting a plea of guilty or of nolo contendere. The record also reveals a statement by the court, “Well, what records we do have indicates Defendant was interrogated and his plea was accepted after determining he had done it voluntarily and knowingly. The Clerk so noted it on the Court file at the time and it’s also in the Minutes.”
This defendant, some five and one-half years after a sentence of 10 years in the state prison was imposed upon him, decided that his plea was not voluntarily entered and that he didn’t know what was going on when he entered the plea. Although this Court reviews the judgment and sentence on direct appeal, as distinguished from a proceeding under Fla.R.Crim.P. 3.850, we nevertheless hold that a defendant, seeking on direct appeal to present the question of the voluntariness of his plea, must allege something more than a bare statement that his plea was not voluntarily entered, or that he didn’t knowingly enter it. He should set forth the facts, whatever he perceives them to be, that would classify his plea as being not voluntarily entered and not knowingly entered. See Whitlow v. State, 256 So.2d 48 (Fla.2d DCA 1971).
The defendant has failed to demonstrate reversible error. Accordingly, the judgment and sentence appealed from are
AFFIRMED.
MILLS, Acting C. J., and SMITH, J., concur.