463 So.2d 351 (1985)
Peggy Marie ALLEN, Also Known As Cynthia Marie Allen, Appellant,
v.
STATE of Florida, Appellee.
Charles BOGGS, Also Known As Larry Watson, Appellant,
v.
STATE of Florida, Appellee.
STATE of Florida, Appellant,
v.
Gerald D. SHEFFIELD, Appellee.
STATE of Florida, Appellant,
v.
Devonia Antonia BROOKINS, Appellee.
Robert Tibbetts SQUIRES, Appellant,
v.
STATE of Florida, Appellee.
Nos. AR-461, AS-246, AT-299, AT-311 and AS-383.
District Court of Appeal of Florida, First District.
January 15, 1985.
Rehearing Denied February 27, 1985.
*355 Gwendolyn Spivey, Asst. Public Defender, Tallahassee, for each appellant in Nos. AR-461, AS-246 and AS-383 and for each appellee in Nos. AT-299 and AT-311.
Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for each appellee in Nos. AR-461, AS-246 and AS-383, and for each appellant in Nos. AT-299 and AT-311.
ZEHMER, Judge.
These consolidated appeals raise common questions of law and procedure concerning prosecutions for felony petit theft under section 812.014(2)(c), Florida Statutes (1981).[1] That statute provides for the reclassification of a misdemeanor petit theft to a felony petit theft upon the state's allegation and proof that the accused has *356 been convicted of petit theft on two or more prior occasions. In each of the cases before us, the defendant was charged with felony petit theft and, pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure, filed a motion to dismiss the felony charge on the ground that the prior convictions relied on by the state were invalid and unreliable because they were based on guilty or nolo contendere pleas obtained in violation of the defendant's constitutional rights. Each defendant alleged that when the prior plea of guilty or nolo contendere was accepted, the trial court failed to accomplish one or more of the following requirements, in violation of the defendant's constitutional rights:
1. Determine that the defendant voluntarily and knowingly waived the right to counsel when entering the plea of guilty or nolo contendere;
2. Determine that the plea was voluntarily and knowingly made by the defendant;
3. Advise the defendant that by pleading guilty the defendant was waiving the right to trial by jury, the right to compel the attendance of witnesses, the right to confront and examine witnesses against him or her, and the right to remain silent;
4. Advise the defendant of the maximum penalty provided by law for the offense charged;
5. Determine that there was a factual basis for the plea;
6. Determine that the defendant acknowledged guilt and that the plea was in the defendant's best interest.
Each motion was sworn to by the defendant and supported by attached documents and transcripts showing what occurred in the prior proceedings. None of the motions contained allegations of specific facts showing in what respects the defendant did not understand his constitutional rights or that the defendant was not voluntarily waiving such rights. Although each defendant argued that dismissal of the felony charge should deprive the circuit court of jurisdiction to try the surviving petit theft charge, none of the motions specifically allege any objection to circuit court jurisdiction.
The state's traverse and demurrer to each of the motions did not dispute the facts alleged but asserted that a (c)(4) motion was not proper for challenging these prior convictions and that the validity of the prior convictions should be determined by the court after a jury trial of the pending petit theft charge, citing State v. Harris, 356 So.2d 315 (Fla. 1978). In three of the cases, the defendant's motion to dismiss was denied. In the remaining two cases, the motion was granted.
The following questions, common to all five cases, are presented on appeal:
1. Whether a defendant being prosecuted for felony petit theft under section 812.014(2)(c) may collaterally attack in that proceeding the validity and reliability of alleged prior petit theft convictions on the ground that such convictions were obtained in violation of the defendant's constitutional rights.
2. Whether a motion to dismiss the felony charge pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure, is a proper means to challenge the validity and reliability of the alleged prior convictions.
3. Whether the defendant, when collaterally attacking such prior convictions, has the burden of showing more than the trial court's failure to advise the defendant of his constitutional rights or failure to determine that defendant voluntarily and knowingly waived such rights.

I

PROPRIETY OF COLLATERAL ATTACK ON PRIOR PETIT THEFT CONVICTIONS
In State v. Harris, supra, the Supreme Court held that section 812.021(3), Florida Statutes (1977), the predecessor to section 812.014(2)(c),[2] creates the substantive offense *357 of felony petit theft, and that proof of the existence of two prior petit theft convictions is an essential element of the offense. As a logical extension of Harris, this court held that in order to properly charge the substantive offense of felony petit theft the state must specifically allege, in the charging portion of the information, the two prior petit theft convictions upon which it relies.[3] Once the state has alleged the prior convictions, the question becomes whether a defendant may collaterally attack the underlying validity and reliability of those prior convictions to support a reclassification of petit theft to felony petit theft or whether the mere fact of their existence and presumptive validity is sufficient to support the felony petit theft charge under section 812.014(2)(c).
It is, of course, well established that a duly entered judgment of conviction and sentence is presumed valid. Paul v. State, 177 So.2d 537 (Fla. 3d DCA 1965). The United States Supreme Court has held, however, that a conviction obtained in violation of the defendant's constitutional right to counsel is void and cannot be used by the state in a subsequent criminal proceeding to support conviction under an enhancement or reclassification statute designed to increase the otherwise allowable period of imprisonment. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).
In Burgett, supra, the defendant was charged with a felony and, pursuant to a recidivist statute, the state also alleged that the defendant had been convicted of four prior felonies. The recidivist statute provided that any person convicted of a third felony shall be subject to a substantially greater sentence, i.e., life imprisonment. Defendant challenged the admissibility of several of the prior convictions because the court records showed they were obtained when defendant was without counsel and had not waived counsel, in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The court held that the prior felony convictions were indeed void under Gideon and, therefore, could not be used in a subsequent criminal proceeding to increase the sentence of imprisonment because such use would mean that defendant's right to counsel was "being denied anew." 389 U.S. at 116, 88 S.Ct. at 262.
In Baldasar, supra, the defendant was charged with petit theft and the state introduced evidence of a prior petit theft conviction to reclassify the misdemeanor charge to a felony. The defendant objected to admission of the prior conviction, arguing that he had not been represented by counsel and, as a result, his conviction was too unreliable to support enhancement. This argument was made even though the defendant, under Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), was not entitled to court-appointed counsel in the prior petit theft proceeding because he was not actually sentenced to jail. The Court split 4-1-4 on the issue of using the prior uncounseled conviction for reclassification purposes. The four-member plurality held that the uncounseled conviction could not be used to support the jail sentence for the subsequent felony petit theft because that would result in the defendant being deprived of his liberty as a direct consequence of his uncounseled misdemeanor conviction, in violation of the rule in Scott v. Illinois. The four dissenting justices held the view that because the misdemeanor conviction was constitutionally valid under Scott v. Illinois, it could properly be used to support the subsequent felony charge and enhanced penalty. In a concurring opinion, Justice Blackmun followed *358 the "bright line" approach enunciated in his dissenting opinion in Scott and concluded that, since Baldasar, under the "bright line" scheme, had a right to counsel in the prior misdemeanor action because he was prosecuted for an offense punishable by more than six months' imprisonment, his prior misdemeanor conviction was invalid and could not be used to support the felony petit theft charge.
Because Justice Blackman's concurring opinion limits the impact of Baldasar, the most that can be derived from that decision is the rather unremarkable holding that a misdemeanor conviction, void because obtained in violation of a defendant's right to counsel, cannot be subsequently used to support conviction for an offense requiring imprisonment under a reclassification or recidivist statute. This holding is a logical extension of Burgett v. Texas to misdemeanor actions.[4]
As we read Burgett and Baldasar, even though a defendant may not have appealed prior petit theft convictions, use of those convictions to support a reclassified charge of felony petit theft may be attacked upon proof that the defendant was entitled to counsel in the petit theft proceedings, was convicted without counsel, and did not make a voluntary and knowing waiver of counsel.
The next question is whether the Baldasar rationale should be extended to preclude use of prior misdemeanor convictions to support felony reclassification where those convictions were based upon guilty pleas made without the court having determined that the pleas were voluntary and intelligent and that the defendant was aware of the various constitutional rights being waived by a guilty plea, or without the court having complied with the requirements of rule 3.172, Florida Rules of Criminal Procedure, governing the acceptance of guilty pleas.[5] We are not aware of any decisions, other than those previously discussed regarding the right to counsel, which hold that presumptively valid and final convictions based upon guilty pleas made without a knowing and voluntary waiver of constitutional rights may not be subsequently used to support conviction and increased imprisonment under a reclassification, recidivist, or repeat-offender statute. Nor have we been cited to any cases holding that such convictions can be so used. Therefore, further analysis of the Burgett and Baldasar rationale is necessary to resolve this question.
In Burgett, the Supreme Court based its decision on the simple proposition that the prior felony convictions were void due to a violation of defendant's right to counsel and, on conviction of a subsequent criminal offense, could not be used to support enhancement of the sentence. The Baldasar opinion, as limited by Justice Blackmun's concurrence, stands for the same proposition where a prior misdemeanor conviction is obtained in violation of the defendant's right to counsel under Scott v. Illinois. Additionally, Justice Marshall, in his concurring opinion in Baldasar, stressed that "unless an accused has `the guiding hand of counsel at every step in the proceedings against him'... his conviction is not sufficiently reliable to support the severe sanction of imprisonment." 446 U.S. at 227, 100 S.Ct. at 1588. It appears, therefore, that under the Burgett and Baldasar rationale, two inquiries are critical: (1) Whether the prior conviction is void for violation of a constitutional right and, if not, (2) whether the prior conviction is so unreliable because of a violation of a constitutional right that it cannot be used to enhance imprisonment.
The United States Supreme Court has recognized that certain constitutional rights are of fundamental importance to our system of jurisprudence. Numbered *359 among these rights are: (1) The right to a jury trial, Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); (2) the right to confront and cross-examine one's accusers, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); (3) the right to compel the attendance of witnesses on one's behalf, Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); (4) the right to notice of the charges against oneself, In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); (5) the right to be protected against self-incrimination, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); and (6) the right to counsel, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
The deprivation of any of these constitutional rights destroys the fairness of a criminal proceeding and renders any resulting conviction inherently unreliable. Although a defendant is clearly entitled to exercise the above rights, he may waive such rights if the waiver is made knowingly and voluntarily. But a waiver of these constitutional rights not made knowingly and voluntarily is the equivalent of no waiver at all. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962). If, as Burgett and Baldasar hold, a conviction obtained in violation of a defendant's right to counsel is void or too unreliable to be used in a subsequent prosecution under a reclassification or enhanced penalty statute, it logically follows that a conviction obtained in violation of any of the other fundamental rights cited above would be similarly void and unreliable. We see no logical reason why the rationale of Burgett and Baldasar should not be extended to the constitutional rights delineated above, so that if a defendant's prior convictions are based upon guilty pleas made without a knowing and intelligent waiver of these fundamental rights, such prior convictions may not be used to establish the offense of felony petit theft.

II

CHALLENGING PRIOR CONVICTIONS BY MOTION TO DISMISS
The second issue is whether a motion to dismiss under rule 3.190(c)(4), Florida Rules of Criminal Procedure, is a proper means to challenge the validity of the prior petit theft convictions relied on by the state.
The various defendants in these consolidated appeals properly point out that when no material facts are in dispute a rule 3.190(c)(4) motion to dismiss is always the preferred method of attacking a court's jurisdiction. Accordingly, they argue, such motion is a proper means to challenge prior petit theft convictions because, if these convictions are determined to be invalid and insufficient to support felony petit theft, the only viable charge remaining would be misdemeanor petit theft, over which the circuit court has no jurisdiction.
In response, the state argues, pursuant to State v. Harris, supra, the proper procedure is for the circuit court to determine the validity of the alleged prior petit theft convictions in a separate hearing after the defendant has been tried and found guilty of the pending petit theft charge. The state urges that if the circuit court, under rule 3.190(c)(4), dismisses the felony charge for failure to allege and prove valid petit theft convictions and, as a result, determines that the circuit court does not have jurisdiction over the surviving misdemeanor charge, the state may be foreclosed from prosecuting the misdemeanor in county court because of the lapse of the ninety-day speedy trial time applicable to misdemeanors. Rule 3.191(a)(1), Florida Rules of Criminal Procedure.[6] According to the *360 state, this problem is solved by following the procedure in the Harris decision, under which the circuit court has jurisdiction to proceed to trial on the current petit theft charge while leaving determination of the validity of the prior convictions to a separate hearing subsequent to a finding of guilt on the misdemeanor petit theft. Under this procedure, even though the prior convictions are found to be invalid, the circuit court continues to have jurisdiction to sentence on the misdemeanor charge.
Finding some merit in the arguments of both parties, we conclude that the validity of prior petit theft convictions may be attacked either by a (c)(4) motion to dismiss, if no material facts are in dispute, or in a Harris type hearing after trial; however, if a (c)(4) motion is granted on a finding that the prior convictions are invalid, the circuit court is not divested of jurisdiction to proceed on the petit theft charge which survives the (c)(4) motion.
The jurisdiction of a circuit court in a criminal case is invoked by filing an information which properly and in good faith charges the commission of a crime cognizable in that court, and jurisdiction is to be determined solely from the face of the information. Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972); Brehm v. State, 427 So.2d 825 (Fla. 3d DCA 1983); 15 Fla. Jur.2d, Criminal Law, § 561; 13 Fla.Jur.2d, Courts and Judges, § 28. If the good faith allegations of the information, in and of themselves, do not demonstrate jurisdiction, then the cause should be dismissed with leave to file in the proper forum or, alternatively, transferred to that forum. Brehm v. State, supra; Wesley v. State, 375 So.2d 1093 (Fla. 3d DCA 1979); Englund v. State, 368 So.2d 86 (Fla. 2d DCA 1979). If, on the other hand, the allegations properly allege a jurisdictional basis, any determination during or after trial that the charges are not supported by the evidence does not divest the circuit court of jurisdiction over lesser offenses necessarily included in the offense charged. 15 Fla.Jur.2d, Criminal Law, § 687. Obviously, the circuit court is not divested of jurisdiction if the jury returns a verdict of not guilty as to the charged offense but guilty as to a lesser included offense.[7]
The applicability of this jurisdictional concept is not limited to situations where the jury determines guilt or innocence of the charged offense. If an information properly alleges, in good faith, the commission of a felony as the basis of circuit court jurisdiction, and the defendant files a rule 3.190(c)(4) motion alleging that the undisputed material facts fail to establish a prima facie case of guilt of the offense charged, the court may grant dismissal of the charged offense without necessarily being divested of jurisdiction to proceed on a lesser included felony if it appears that the facts support that lesser included offense. In other words, the circuit court's granting of a rule 3.190(c)(4) motion does not divest it of jurisdiction to proceed with the cause as to any lesser included felony on which there is a prima facie showing of guilt.[8]
Difficulty arises, however, when a felony charge is dismissed on a (c)(4) motion and the only surviving lesser included offense is a misdemeanor. The question then becomes whether the circuit court can retain jurisdiction to proceed to *361 trial on the misdemeanor or whether it must dismiss the action or transfer the cause to county court.[9] We hold that the granting of a (c)(4) motion in a felony petit theft prosecution due only to the invalidity of the prior convictions alleged does not divest the circuit court of jurisdiction to proceed through trial on the surviving misdemeanor petit theft.[10] We expressly limit this holding to felony petit theft prosecutions. Whether such a result should obtain in the context of prosecutions under other felony statutes is not before us, and we do not consider the application of this holding to other criminal offenses.
Our holding that the circuit court may retain jurisdiction to try the misdemeanor petit theft offense after granting a motion to dismiss the felony charge is fully consistent with the Supreme Court opinion in Harris. If, as Harris makes clear, the circuit court has jurisdiction to try the misdemeanor offense before a jury, even though it may thereafter determine in a subsequent hearing that the prior convictions relied upon by the state are invalid, we see no logical reason why the circuit court should lose jurisdiction simply because the prior petit theft convictions are determined to be invalid on a (c)(4) motion rather than in a post-trial hearing. In either event, the jury only tries the misdemeanor charge and the circuit court enters judgment and sentence on the misdemeanor if the prior convictions are invalid.
In Harris, the court did not specifically address the propriety of using a (c)(4) motion to collaterally attack the validity of prior convictions when the material facts are not in dispute. Obviously, if a material factual dispute exists, a (c)(4) motion is improper and the validity of disputed prior convictions may only be determined in a post-conviction Harris hearing.[11] We believe, however, that when the operative facts are not in dispute, a (c)(4) motion is appropriate and properly serves the ends of justice.[12]But cf. State v. Dixon, 193 So.2d 62 (Fla. 2d DCA 1967).

III

DEFENDANT'S BURDEN OF PROOF IN CHALLENGING PRIOR CONVICTIONS ON A MOTION TO DISMISS
The several defendants have alleged that their prior petit theft convictions are invalid because they were obtained in violation of constitutional rights. In all of these cases, the defendants allege that the prior convictions were invalid because the court failed to advise the defendant of the constitutional rights being waived by a guilty plea and failed to determine whether such waiver was made voluntarily and knowingly. Additionally, in Allen v. State, Case No. AR-461, the defendant alleges that, although she gave a written and oral waiver of counsel, her prior convictions are invalid because she did not knowingly and voluntarily waive this right and her pleas were obtained in violation of her constitutional right to counsel. We believe the controlling issue is the same with respect *362 to the waiver of right to counsel and to other fundamental constitutional rights waived by a guilty plea  to set aside prior petit theft convictions, is it sufficient for a defendant to merely show the absence of an explanation of these rights or the absence of a determination by the court that a purported waiver of rights was made voluntarily and knowingly?
A waiver of constitutional rights will not be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). In order to make certain that a voluntary and knowing waiver has been made, the trial court has a legal duty to inform the defendant of pertinent constitutional rights and make a determination on the record that any waiver is made voluntarily and knowingly. It is clear that error occurs when a court convicts an unrepresented defendant or accepts a guilty plea without making the above determination, but this error does not necessarily render the conviction void. The key inquiry is not whether the trial court failed to follow proper procedure, but whether, as a matter of fact, the defendant, under the existing circumstances, knowingly and intelligently waived his constitutional rights.[13]Wilkerson v. State, 401 So.2d 1110 (Fla. 1981). In other words, a conviction is rendered unreliable and void only when there is competent evidence to support a determination that the defendant in fact did not make a knowing and intelligent waiver.
Two decisions of the United States Supreme Court are pertinent to this question. In Baldasar v. Illinios, the Court, faced with a collateral attack on prior convictions because the defendant was unrepresented, held that the record, on its face, revealed that the defendant had not waived counsel, resulting in a deprivation of the defendant's constitutional rights, which rendered the conviction void. That circumstance is obviously distinguishable from the facts in Allen v. State, in which there was an express oral and written waiver of counsel.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court reviewed a case in which the defendant was indicted on charges of common law robbery, an offense punishable by death. The defendant was represented by counsel and pled guilty, but the record revealed that the judge asked no questions of the defendant concerning his plea, nor did the defendant address the court. The defendant was convicted and sentenced to death. On review, the Court specifically noted that the Alabama law governing death cases required the court to "comb the record for `any error prejudicial to the appellant, even though not called to our attention in brief of counsel.'" Id. at 241, 89 S.Ct. at 1711. The Court further noted, "[W]e may consider any testimony that was seriously prejudicial to the rights of the appellant and may reverse thereon, even though no lawful objection or exception was made thereto." Id. at 241, 242, 89 S.Ct. at 1711. With this standard of review in mind, the court held, "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." Id. at 242, 89 S.Ct. at 1711. The dissenting opinion noted that petitioner "never at any time alleged that his guilty plea was involuntary or made without knowledge of the consequences." Id. at 245, 89 S.Ct. at 1713. Boykin is distinguishable from the instant cases because it involved the appeal of a death sentence governed by an unusually broad standard of review which does not apply to the instant cases.
Under rule 3.172(c), Florida Rules of Criminal Procedure, the trial court is required, prior to accepting a guilty plea, to *363 personally address the defendant and make certain that he understands his constitutional rights, including the right to counsel. That rule also provides, however, that "failure to follow any of the procedures in this Rule shall not render a plea void absent a showing of prejudice" (emphasis added). Rule 3.172(i). Subsection (i) requires that a defendant, to prove that a conviction is void, must show not only that the court failed to inform him of his rights, but also that he did not actually understand his rights and did not make a knowing and voluntary waiver thereof.[14]
In McPherson v. State, 237 So.2d 18 (Fla. 1st DCA 1970), the defendant sought review of a judgment of conviction based upon a plea of nolo contendere to an information charging the offense of breaking and entering with intent to commit a misdemeanor. The record reflected that at no time did the court inquire into the defendant's knowledge and understanding of the nature of the charges against him or of the legal consequences of his plea. The record also failed to reflect any examination of the defendant by the court with regard to the voluntariness of his plea. This court, in a well-reasoned opinion by Judge John Wigginton, discussed Boykin v. Alabama, supra, and specifically noted that in McPherson the defendant made no motion in the lower court to withdraw his plea on the ground that it was not knowingly and understandingly made or voluntarily tendered for acceptance by the court, stating:
Indeed, at no time either prior or subsequent to the imposition of judgment and sentence has any contention been made by appellant that the plea of nolo contendere filed on his behalf by his attorney was not knowingly, understandingly, and voluntarily made. The only contention urged by him on this appeal is that the record of the two hearings held before the court failed to reflect any inquiry of him concerning his understanding of the nature of the charge alleged in the information, or the voluntariness of the plea entered on his behalf by his attorney. We are not willing to assume without adequate support in the record that the trial judge did not make such inquiry as he deemed adequate and sufficient to insure that the plea entered by appellant was knowingly, understandingly, and voluntarily made at the time it was accepted and relied on as the basis for the imposition of judgment and sentence. We must therefore hold on the basis of the record before us that appellant has failed to demonstrate any violation of his constitutional rights or that he has been deprived of due process of law by the manner in which his trial court proceedings were conducted.
Id. at 20. Accord, Hodge v. State, 241 So.2d 865 (Fla. 1st DCA 1970). See Smith v. Morgan, 284 So.2d 12 (Fla. 2d DCA 1973); Williams v. State, 316 So.2d 267 (Fla. 1975).
*364 We do not interpret McPherson as requiring that the defendants must have raised constitutional objections in the prior petit theft proceedings to entitle them to collaterally attack such convictions on the same grounds in the present proceedings, because it is axiomatic that fundamental error predicated on the deprivation of constitutional rights may be raised at any time. We do, however, believe McPherson teaches that if a collateral attack on the validity of prior petit theft convictions is made on grounds that the trial court failed to determine whether fundamental constitutional rights had been voluntarily and knowingly waived, the defendant must also allege and establish by competent evidence that there was not, in fact, a knowing and intelligent waiver of such constitutional rights.
When attacking the validity of prior convictions, the defendant has the burden of proving the alleged grounds by a preponderance of the evidence. Moore v. Michigan, 355 U.S. 155, 162, 78 S.Ct. 191, 195, 2 L.Ed.2d 167 (1957). But see, State v. Gomez, 363 So.2d 624 (Fla. 3d DCA 1978) (collateral attack under rule 3.850). The defendant's initial burden of proving denial of constitutional rights because the defendant was not made aware of those rights by the court is usually met by producing records of the prior proceedings. In addition, the defendant must prove by competent evidence that there was, in fact, no knowing and voluntary waiver of those rights on his part. It is not sufficient to simply make the bald assertion that a waiver was not a knowing and intelligent one; rather, the defendant must prove specific facts showing in what respects the rights were not understood or not voluntarily waived. Lovelace v. Wainwright, 352 So.2d 907 (Fla. 1st DCA 1978). Once the defendant has met this burden, it is incumbent upon the state to go forward with contrary evidence to show either that the defendant was afforded all constitutional rights or that he made a valid waiver thereof. In most instances, this burden is met by simply introducing evidence that in the prior proceedings the trial court advised the defendant of the applicable rights and determined that any waiver was made voluntarily and knowingly. McKenney v. State, 388 So.2d 1232 (Fla. 1980). If the record of the prior proceedings does not contain such evidence, however, the state must adduce other evidence, if it can, to overcome the defendant's prima facie showing.
With these principles in mind, we now examine each of the cases before us.

IV

DISPOSITION
Allen v. State, Case No. AR-461:
In 1983, an information for felony petit theft was filed against Allen alleging that she stole property valued at less than one hundred dollars, in violation of section 812.014(2)(c), Florida Statutes. In a notice of intent to seek a felony petit theft sentence, the state alleged Allen had pled guilty and been convicted of petit theft on August 13, 1977, receiving a sentence of thirty days' incarceration. It also alleged that she pled guilty and was convicted of petit theft on July 30, 1979, receiving a sixty-day jail sentence. On its own motion, the trial court dismissed the state's information for failure to specifically allege two prior petit theft convictions in the information.[15] The state then filed an amended information which specifically alleged the 1977 and 1979 convictions. Allen filed a sworn motion to dismiss the amended information pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure, stating the following grounds:
1. The 1977 and 1979 petit theft convictions are invalid and may not be used to reclassify the petit theft to felony petit theft because the prior convictions were based upon uncounseled pleas of guilty and the court failed to determine that Allen voluntarily and knowingly waived her right to counsel.
*365 2. The 1977 and 1979 petit theft convictions are invalid and may not be used to reclassify the petit theft to felony petit theft because the court, in accepting the uncounseled pleas of guilty, failed to:
a. Determine that the plea was voluntarily and knowingly entered by Allen;
b. Advise Allen that by pleading guilty she was waiving her right to trial by jury, her right to compel the attendance of witnesses, her right to confront and cross-examine witnesses against her, and her right to remain silent;
c. Advise Allen of the maximum penalty provided by law for the offenses charged;
d. Determine that there was a factual basis for the plea;
e. Determine that Allen acknowledged her guilt or that the plea was in her best interest.
The documents attached to Allen's motion showed she made an oral and written waiver of counsel in both of the prior proceedings. After reviewing the transcripts of the 1977 and 1979 plea proceedings, the trial court denied the motion to dismiss, finding that (1) Allen's waivers of counsel in the two prior petit theft proceedings were "intelligent"; (2) her uncounseled pleas of guilty were "voluntary"; (3) she failed to meet her burden of proving the invalidity of the waiver of counsel or the guilty pleas; and (4) she could not testify at the (c)(4) hearing for the purpose of bolstering the allegations of her sworn motion to dismiss. Allen subsequently pled nolo contendere to the felony petit theft, specifically reserving the right to appeal only the denial of her motion to dismiss. The court declared on the record that the motion to dismiss was dispositive of the case, adjudicated Allen guilty of felony petit theft, and sentenced her to four years in prison. Allen appeals only the denial of her motion to dismiss.
Allen's (c)(4) motion to dismiss, which was prepared by counsel, failed to expressly allege that her waivers of the right to counsel in the prior petit theft proceedings were not voluntarily or knowingly made and failed to allege that her guilty pleas were made without a voluntary and knowing waiver of her various constitutional rights. Allen has only argued, both in the trial court and in this court, that she was not to advised by the trial court of her rights and that the trial court did not determine the validity of her waivers thereof.
We hold that the procedural errors alleged in her motion are not sufficient to carry Allen's burden of proving the unreliability and invalidity of her prior convictions and that the court below properly denied the motion to dismiss. Allen did not proceed to briar after denial of her motion, but pled nolo contendere to felony petit theft and reserved only the right to appeal the denial of the motion to dismiss. Since the propriety of her motion to dismiss is all that is properly before us, we affirm Allen's conviction.[16]
Boggs v. State, Case No. AS-246:
The relevant facts of this case are similar to the facts in Allen v. State, with the following exceptions. Boggs moved to dismiss the amended information charging felony petit theft on the grounds that the alleged prior convictions were based on guilty pleas and could not be used to reclassify *366 petit theft to felony petit theft because he was not advised of the maximum penalty provided by law or of the constitutional rights he was waiving by pleading guilty. Boggs was represented by counsel in the prior proceedings and does not ground his motion on the deprivation of his constitutional right to counsel. The circuit court denied the motion to dismiss, ruling that: (1) a motion to dismiss is proper for attacking the validity of the prior petit theft convictions; (2) Boggs' prior guilty pleas are presumptively valid because he was represented by counsel at the time of the pleas; and (3) Boggs did not meet his burden of proving the invalidity of the pleas by introducing sworn testimony proving that his prior pleas were not knowingly and voluntarily made. Like Allen, Boggs did not proceed to trial, but pled nolo contendere and reserved only the right to appeal the order denying the motion to dismiss. The trial court indicated that the motion was dispositive, adjudicated Boggs guilty, and sentenced him to eighteen months' imprisonment. Boggs appeals the denial of his motion. Consistent with our holding in Allen, we affirm the denial of Boggs' motion and his conviction and sentence.
Squires v. State, Case No. AS-383:
The information charging Squires with felony petit theft alleged that he was previously convicted on two petit theft counts on June 30, 1981. Squires filed his first motion to dismiss, alleging that the two prior petit theft convictions entered June 30, 1981, must be treated as one offense and, thus, cannot satisfy the statutory prerequisite of two prior petit theft convictions. Prior to the court's ruling on the motion, the state filed an amended information asserting that Squires was also previously convicted of felony petit theft on November 25, 1981. Squires then filed a sworn amended motion to dismiss alleging that the prior petit theft convictions of June 30, 1981, were invalid and could not support reclassification of the pending charge of felony petit theft because the trial courts, when Squires entered pleas of nolo contendere to petit theft in those prior proceedings, failed to advise him of the constitutional rights being waived by pleading guilty, failed to determine that his waiver was voluntarily and knowingly made, failed to advise him of the maximum penalty provided by law, and failed to determine a factual basis for the plea. Squires also alleged that the prior conviction for felony petit theft of November 25, 1981, was invalid because the information in that case had failed to allege the essential element of prior petit theft convictions. The trial court heard arguments on the motion to dismiss and filed a written order denying the motion. The court ruled: (1) a motion to dismiss challenging the validity of prior convictions was the proper procedure for attacking the court's jurisdiction; (2) the November 25, 1981, conviction of felony petit theft was invalid and could not be relied upon by the state because the information in that case had not alleged the essential element of the prior petit theft convictions; (3) Squires' two convictions for petit theft on June 30, 1981, could be treated as two separate convictions for the purpose of felony petit theft; (4) the two prior petit theft convictions were facially valid because Squires was represented by counsel; and (5) any attack on the validity of those prior misdemeanor convictions would have to be made in county court. The trial court ruled that Squires failed to carry his burden of establishing that the prior convictions were based on involuntary pleas and refused to allow him to supplement the record by testifying about his understanding of the June 30, 1981, proceeding. The court did, however, allow a proffer in which Squires testified that, although he understood in the 1981 proceeding that he was pleading guilty to two petit theft charges, he did not understand his constitutional rights or the maximum penalty of a year in jail on each plea. Thereafter, Squires pled nolo contendere to felony petit theft, specifically reserving the right to appeal the denial of the motion to dismiss. The court ruled that the motion was dispositive, adjudicated Squires guilty, and sentenced him to three years in prison. Squires appeals the denial of his motion.
*367 We approve the trial court's ruling that Squires' prior petit theft convictions could be treated as two separate convictions for the purpose of charging felony petit theft, even though the prior convictions were both entered on the same day. Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979), is distinguishable because the two offenses in Shead occurred on the same day, whereas Squires' two prior petit thefts occurred over one month apart and were clearly separate offenses.
The trial court's ruling that Squires' prior conviction for felony petit theft could not be relied upon by the state because the conviction was based on a jurisdictionally deficient information has not been challenged by the state on appeal. In view of our disposition of this case, we need not address that issue.
The court also ruled that any attack by Squires on his prior convictions would have to be made in county court. This ruling is erroneous for the reasons previously stated herein.
As in Allen and Boggs, we affirm the court's denial of Squires' motion to dismiss because Squires failed to carry his burden of alleging and proving that his guilty pleas in the prior proceedings were not made voluntarily and knowingly. Although Squires proffered testimony at the (c)(4) hearing to the effect that he did not understand his rights when he pled guilty to the prior petit thefts, his testimony was vague and simply a conclusion that was not supported by competent evidentiary facts. Even if we were to rule that such proffer should have been considered in passing on the motion to dismiss, it would have no impact upon the correctness of the court's denial of his motion to dismiss.
Since the propriety of the order denying dismissal is all that is properly before us, Squires' conviction and sentence for felony petit theft is affirmed.
Sheffield v. State, Case No. AT-299:
Sheffield was initially charged with felony petit theft, but the information did not specifically allege two prior convictions. The state filed a notice of intent to rely on two prior petit theft convictions to establish the reclassification of the charge to a felony. Both prior convictions were entered on October 7, 1981, one resulting from a September 1, 1981, offense and the other from an offense occurring on July 22, 1981. Sheffield moved to dismiss, alleging that the prior convictions were based on nolo pleas which could not be relied on by the state because of numerous constitutional violations, including failure to establish that the pleas were voluntarily and knowingly made. The state moved to quash the motion to dismiss and also filed a traverse and demurrer alleging that a (c)(4) motion to dismiss is not a proper means to test the validity of prior convictions and that the prior convictions were valid and sufficient to support the felony charge because Sheffield was represented by counsel. The court below granted Sheffield's motion to dismiss, finding that the prior convictions could not be relied upon by the state to reclassify the petit theft charge because they were based on invalid pleas obtained without the defendant being advised of (1) his right to a trial by jury, (2) his right to confront witnesses, (3) his right to remain silent, (4) the maximum penalty that could be imposed, and (5) because the court in each case failed to determine the factual basis for the plea. The state has appealed the granting of Sheffield's motion.
We hold that the court below erred in granting the motion to dismiss on the grounds stated because Sheffield failed to allege and prove specific facts showing that his guilty plea was not made voluntarily and knowingly or that he was unaware of the maximum penalty that could be imposed. The failure of the courts in the prior proceedings to determine a factual basis for the guilty pleas is not an error of such fundamental constitutional proportions that it requires an otherwise valid conviction to be rendered unreliable and void in collateral proceedings.
Although the grounds stated by the circuit court for dismissing Sheffield's charge were insufficient, we nevertheless *368 affirm the order of dismissal on the ground that the information was jurisdictionally defective for failing to specifically allege the two prior petit theft convictions as essential elements. Phillips v. State, supra. We certify as a question of great public importance the same question certified in O'Neal v. State, 444 So.2d 1142 (Fla. 1st DCA 1984).
Brookins v. State, Case No. AT-311:
The relevant facts of this case are substantially similar to the facts in Sheffield v. State. Brookins' motion was granted on substantially the same grounds, and the state has appealed. In accordance with our holding in Sheffield, the dismissal of the charges against Brookins is likewise affirmed. We certify as a question of great public importance the same question certified in O'Neal v. State, supra.
ERVIN, C.J., and BOOTH, J., concur.
NOTES
[1] Section 812.014(2)(c) provides in part:

Theft of any property not specified in paragraph (a) or paragraph (b) [grand theft] is petit theft and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Upon a second conviction for petit theft, the offender shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084. (Emphasis added.)
[2] Section 812.021(3), Florida Statutes (1977) is "identical to the present Section 812.014(2)(c)" in all respects relevant to this case. Christopher v. State, 397 So.2d 406, 407 (Fla. 5th DCA 1981).
[3] Phillips v. State, 438 So.2d 886 (Fla. 1st DCA 1983); Pickelsimer v. State, 440 So.2d 47 (Fla. 1st DCA 1983); Donald v. State, 442 So.2d 271 (Fla. 1st DCA 1983); O'Neal v. State, 444 So.2d 1142 (Fla. 1st DCA 1984); Natal El-Ra-Sul v. State, 456 So.2d 1244 (Fla. 1st DCA 1984); cf. McPhadder v. State, 450 So.2d 1264 (Fla. 1st DCA 1984).
[4] For an excellent analysis of Baldasar v. Illinois, see Rudstein, The Collateral Use of Uncounseled Misdemeanor Convictions after Scott and Baldasar, 34 Fla.L.Rev. 517 (1982).
[5] Under rule 3.172(i), a court's failure to follow the procedures outlined in the rule "shall not render a plea void absent a showing of prejudice." The impact of this provision is discussed in part III of this opinion.
[6] Cf., Thigpen v. State, 350 So.2d 1078 (Fla. 4th DCA 1977). In that case, the defendant was arrested on June 14, 1974, on a charge of first degree murder. On June 21, 1974, the grand jury returned a no true bill and the defendant was released. On August 6, 1974, he was indicted on a charge of second degree murder for the same killing charged on June 14. Defendant was arrested on February 6, 1975, and filed a motion to discharge on speedy trial grounds on April 1, 1975. The court held that the state had failed to prove the nonavailability of the defendant and the defendant was entitled to discharge because the 180-day speedy trial time period began to run on June 14, 1974, when he was first taken into custody for the murder.
[7] By way of comparison to civil proceedings, the jurisdiction of the circuit court is invoked by a good faith allegation that damages involved exceed the jurisdictional amount. When a good faith claim is made within the jurisdiction of a court, but upon final determination the amount found actually due is less than the jurisdictional amount, a judgment for the lesser amount is clearly valid. Emery v. International Glass & Manufacturing, Inc., 249 So.2d 496 (Fla. 2d DCA 1971); 13 Fla.Jur.2d, Courts and Judges, § 94.
[8] Rule 3.190(e), Florida Rules of Criminal Procedure, if a motion to dismiss is granted, the court may continue to hold the defendant in custody for a reasonable time to allow the state to file a new indictment or information. If the state chooses not to refile, then the defendant should be discharged "unless some other charge justifies a continuation in custody."
[9] Cf. Emery v. International Glass & Manufacturing, Inc., 249 So.2d 496 (Fla. 2d DCA 1971), involving a similar issue in the context of a civil proceeding.
[10] This is not to say that the circuit court, after ruling on a (c)(4) motion that the prior convictions are void, is necessarily precluded from transfering the remaining misdemeanor charges to the county court so long as neither party is prejudiced and does not object to the transfer.
[11] If a (c)(4) motion to dismiss is made upon an allegation that no material facts are in dispute and the motion is denied, this does not necessarily preclude the movant from subsequently arguing disputed facts in a Harris type hearing in an attempt to set aside prior convictions. A (c)(4) motion to dismiss in criminal cases in analogous to a motion for summary judgment in civil cases. State v. Alvarez, 403 So.2d 1143 (Fla. 2d DCA 1981). Denial of a motion for summary judgment on a particular count of the complaint based upon a ruling that the facts are disputed and do not support judgment in the movant's favor does not preclude the moving party from continuing to litigate that same issue based upon proof of additional disputed facts.
[12] For example, a pretrial determination of the invalidity of prior convictions permits the state to timely amend where other prior convictions exist. This situation exists in at least one of these consolidated cases.
[13] We can conceive of many situations where repeat offenders who have become quite familiar with the judicial system may know perfectly well what their constitutional rights are even if the court does not inform them of those rights. Such persons should not be allowed to escape the consequences of their convictions simply because the trial court failed to follow proper procedure. We deem this a salutory purpose behind rule 3.172(i), Florida Rules of Criminal Procedure.
[14] Rule 3.172, Florida Rules of Criminal Procedure, is analogous to Federal Rule of Criminal Procedure 11. Williams v. State, 316 So.2d 267 (Fla. 1975). There have been many federal court decisions dealing with challenges to the validity of convictions where the requirements of rule 11 have not been met. These decisions almost uniformally hold that a showing of failure to comply with the rule is insufficient to void a conviction; there must also be a showing of prejudice to the defendant. In United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the defendant collaterally attacked his conviction on the ground that the trial judge did not properly comply with the formal requirements of rule 11 in that the court did not advise him of the application of a special parole term. The court denied relief to the defendant, noting that he "does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty." Id. at 784, 99 S.Ct. at 2087. The Court held that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." Id. at 785, 99 S.Ct. at 2088. Accord, United States v. Deal, 678 F.2d 1062 (11th Cir.1982); United States v. Laura, 667 F.2d 365 (3d Cir.1981); Garcia-Trigo v. United States, 671 F.2d 147 (5th Cir.1982); United States v. Horsley, 599 F.2d 1265 (3d Cir.1979); cf. United States v. Rodriguez-DeMaya, 674 F.2d 1122 (5th Cir.1982); United States v. Carter, 619 F.2d 293 (3d Cir.1980); United States v. Frontero, 452 F.2d 406 (5th Cir.1971); McChesney v. Henderson, 482 F.2d 1101 (5th Cir.1973); Davis v. Wainwright, 547 F.2d 261 (5th Cir.1977).
[15] See footnote 2, supra.
[16] In denying Allen's motion to dismiss, the trial court erroneously ruled that Allen voluntarily and knowingly waived her constitutional rights in the prior proceedings. This factual issue which would no doubt be disputed between the parties, was not alleged in the motion to dismiss and should not have been considered by the court in ruling on the motion. Instead of ruling on this factual issue in the (c)(4) motion to dismiss proceeding, the court should have allowed Allen the opportunity, after reserving her nolo contendere plea to the current theft, to request and receive a Hams hearing at which she could raise disputed factual issues impacting upon the validity of the prior convictions. We recognize that Allen did not request such hearing; however, it is certainly conceivable that Allen considered such an act futile in light of the court's erroneous factual ruling. Nevertheless, even if the court erred in failing to allow Allen a Harris hearing, an issue we do not address, such error is beyond our scope of review since Allen reserved only the right to appeal the denial of the motion to dismiss.