## MALINCHAK v STATE OF FLORIDA

## Appellate Case No. 85-12413 (County Court Case No. 17491AK)

Thirteenth Judicial Circuit, Hillsborough County

November 5, 1987

### APPEARANCES OF COUNSEL

**Pete Esposito** for appellant.

**James M. Barton II**, Assistant State Attorney, for appellee.

### OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

The Defendant-Appellant, Donald Malinchak (hereafter the defendant) was charged with driving while under the influence of alcoholic beverages (DUI). On May 22, 1984 the Defendant, unrepresented by counsel, entered a plea of guilty to the charge and was sentenced.

Thereafter he was charged with another DUI, retained counsel and sought to vacate the judgment and sentence in the instant case. The defendant argued that the trial court, in accepting his plea of guilty, failed to make the necessary inquiry as to whether the plea was being made knowingly and voluntarily. The trial court denied defendant's motion to vacate judgment and sentence. It is from the denial of this motion that defendant now appeals.

The burden was on the defendant to establish that his previous guilty plea was not knowingly and voluntarily made. *Allen v. State,* 463 So.2d 351, 364 (Fla. 1st DCA 1985). The mere fact that he was unrepresented by counsel does not meet that burden herein. The record below reflects that on two separate occasions, January 3, 1984 and May 22, 1985, the Defendant signed a waiver of rights form, indicating that he was, under oath, waiving all of his rights enumerated in Rule 3.172, Fla. R. Crim. Proc., see *Williams v. State,* 316 So.2d 267 (Fla. 1975). The defendant failed to meet his burden. The trial court properly denied Defendant's motion to vacate judgment and sentence. Accordingly, the decision of the County Court is hereby AFFIRMED.

DECIDED at Tampa, Hillsborough County, Florida this 5th day of November, 1987.